620 F.2d 305
 80-2 USTC P 9491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America and James F. Dowling, Special
Agent, Internal Revenue Service, Petitioners-Appellees
v.
Feminist Federal Credit Union, Ann Arbor Co-Op Credit Union,
Huron Valley National Bank, Respondents-Appellees,
Lynn Johnston, Proposed Intervenor-Appellant.
 Nos. 79-1652, 79-1653 and 79-1654.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1980.
 
 Before KENNEDY, MARTIN and JONES, Circuit Judges.
 
 Order
 
 1
 This cause is before the Court on appellees' motion to remand these three consolidated appeals to allow the district courts to correct certain procedural defects in the proceedings below.
 
 
 2
 Upon consideration of the record, appellees' motion and appellant's response and brief, the Court concludes that a remand is unnecessary.
 
 
 3
 Upon further consideration, the Court finds that the questions on which the decision of this cause depends are so unsubstantial as not to require further argument. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Appellant appeals from three district court orders enforcing Internal Revenue Service summonses against respondent financial institutions following hearings in which appellant was permitted to intervene. In challenging enforcement of the summonses appellant argued that they violated the Fourth Amendment as they were not based on probable cause. Appellant also claims that the investigation is being undertaken in bad faith.
 
 
 5
 It is clearly established that the Internal Revenue Service need not establish probable cause in order to obtain enforcement of a summons. United States v. Powell, 379 U.S. 48 (1964). Further, the Fourth Amendment rights of a taxpayer are not involved when a summons is issued to a third party. Donaldson v. United States, 400 U.S. 517 (1971); United States v. Stuart, 587 F.2d 929 (8th Cir.1978).
 
 
 6
 The Court also concludes that appellant did not carry her heavy burden of showing an abuse of process. A claim that appellant is being investigated because she is a tax protester does not prove bad faith, since appellant did not allege that non-protesters were not also prosecuted for violations of the federal tax law. United States v. Silkman 543 F.2d 1218 (8th Cir.1976). Also appellant's charge that the investigation was solely for the purpose of filing criminal charges was successfully rebutted by the government. United States v. LaSalle National Bank, 437 U.S. 298 (1977). The finding that a legitimate, ongoing civil investigation is being pursued is not clearly erroneous. Accordingly,
 
 
 7
 It is ORDERED that the motion to remand be denied. It is further ORDERED that the judgments of the district courts be, and they hereby are, affirmed. Rule 9(d)3, Rules of the Sixth Circuit.