Dan P. VELLA, Plaintiff,

v.

Mark L. McCAMMON, et al., Defendants.

C.A. No. H–85–5580.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 21, 1987.

Dan P. Vella, pro se.

Cary L. Jennings, Dallas, Tex., Richard L. Aman, Houston, Tex., John E. Noonan, Ronald Scott, Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Pending before the Court is Dan P. Vella's, Petitioner and Plaintiff below, Motion to Proceed *In Forma Pauperis* and his Application for Certificate of Probable Cause. The Motions have been filed under Cause Number H–85–5580. The Criminal Contempt hearing was assigned Cr. No. H–87–174. After carefully considering the arguments and the applicable law, the Court is of the opinion that said Motions be Denied.

On November 6, 1986, the Court entered an order which directed Plaintiff to file no further cases in the Southern District of Texas until all sums assessed by that order are paid. Defendants assert and Plaintiff admits that the sums have not been paid and that Plaintiff subsequently filed Civil Action No. H–87–1380, (Southern District of Texas) on May 4, 1987.

On May 19, 1987, the Court entered an order directing the Plaintiff to respond to interrogatories submitted by the United States within twenty (20) days of the entry of the order. Defendants assert and Plaintiff admits that the interrogatories have not been answered.

On July 9, 1987, the Court conducted a hearing on the Government's motion to hold Plaintiff in both criminal and civil contempt. The Plaintiff was held in civil contempt and remanded to the custody of the Attorney General until he complies with the Court's May 19, 1987 Order. Fed.R.

Civ.P. 37(b)(2)(D). He was held in criminal contempt for violating the Court's November 6, 1986 order for filing Cause No. H–87–1380, and was remanded to the custody of the Attorney General for a period of 2 months as punishment. Fed.R.Crim.P. 42(b); 18 U.S.C. § 401 (1982). The Plaintiff now seeks to appeal these orders.

The Plaintiff has filed a Notice of Appeal, a Motion to Proceed *In Forma Pauperis* and Application for Certificate of Probable Cause under Cause Number H–85–5580. The Court will construe the motions to be filed in both the civil and criminal contempt cases. For the following reasons the motions are denied.

Petitioner seeks to appeal these orders *in forma pauperis.* A party to an action may proceed on appeal *in forma pauperis* if the party appealing is a pauper and if the lower court finds that the appeal is taken in good faith. Fed.R.App.P. (24)(a). Although a petitioner may be permitted to proceed in an action in the district court *in forma pauperis,* the district court can deny his motion to proceed on appeal *in forma pauperis* if the court certifies the action is not taken in good faith. Fed.R. App.P. (24)(a). In the instant action, the appeal is fatally without merit; for it is undisputed that petitioner filed Civil Action No. 87–1380 in violation of this Court's order of November 16, 1986, and he failed to comply with this Court's order of May 19, 1987.

The remaining claims that Petitioner has asserted by way of motion to dismiss, *e.g.* Court lacking jurisdiction because the Court's flag has yellow fringes on it, were denied and the Court considers them to have not only been without merit but also to have been totally frivolous. Petitioner's claims have no arguable basis in law or fact and the appeal is not taken in good faith.

Petitioner's application for certificate of probable cause is inappropriate in the present action. The proper remedy is by appeal to the Court of Appeals from the order of the district court denying the writ. Fed.R.App. 22(a). It is therefore

ORDERED, ADJUDGED, and DE-CREED that Petitioner's Motions for Leave to Appeal *In Forma Pauperis* and his Application for Certificate as to Probable Cause be DENIED.