652 A.2d 341

**COMMONWEALTH of Pennsylvania**

v.

**Cindy Lee APPEL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1994.

Filed Dec. 22, 1994.

216

Cindy L. Appel, appellant, pro se.

Alison Taylor, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before ROWLEY, P.J., and CIRILLO and DEL SOLE, JJ.

DEL SOLE, Judge:

Following a trial *de novo*, Appellant, Cindy Lee Appel, was found guilty of driving eighty-five miles an hour in a fifty-five mile an hour zone and was convicted of violating 75 Pa.C.S.A. § 3362(a)(2), "Maximum Speed Limits". Appellant was ordered to pay a fine of $174.00 and subsequently filed this *pro se* appeal.

For the reasons that follow, we hold that each of Appellant's claims are without merit and therefore, we affirm the trial court's Order entering Appellant's judgment of sentence.

In her first three issues, Appellant asserts that she was wrongfully denied a jury trial, that she was entitled to an investigating grand jury and that the United States Supreme Court had original jurisdiction over this matter.

Without setting forth any support for her position, Appellant argues that because the Commonwealth of Pennsylvania was a party to this action, original jurisdiction to decide this matter rests with the United States Supreme Court. Finding no basis for this argument, we hold that it is wholly without merit.

Secondly, Appellant claims that she was entitled to a jury trial. "The [United States] Constitution requires that one accused of a "serious offense" be given a jury trial." *Commonwealth v. Mayberry*, 459 Pa. 91, 97, 327 A.2d 86, 89 (1974) *citing Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) [additional citations omitted]. In determining whether an offense is "serious" or "petty" the court looks to the crime and the sentence that could potentially be imposed. "[T]hose crimes carrying more than six months sentence are serious and those carrying less are petty crimes". *Mayberry*, 459 Pa. 91, 98, 327 A.2d 86, 89 (1974)

*citing Codispoti v. Pennsylvania,* 418 U.S. 506, 512, 94 S.Ct. 2687, 2691, 41 L.Ed.2d 912 (1974). "If the sentence actually imposed is greater than six months, then the accused must be afforded an opportunity to be tried by jury." *Mayberry,* 459 Pa. 91, 99, 327 A.2d 86, 90 (1974).

Appellant committed a summary offense and was ordered to pay a fine. 75 Pa.C.S.A. § 3362(c). Because Appellant's offense did not carry a penalty of imprisonment, she clearly was not entitled to a jury trial.

█ Likewise, Appellant's claim that she was wrongfully denied the services of an investigating grand jury also fails. The Investigating Grand Jury Act provides that either a president judge of a court of common pleas may order that an investigating grand jury be summoned or that counsel for the Commonwealth can petition the president judge of a particular court of common pleas for an order directing that the grand jury be summoned. 42 Pa.C.S.A. 4543(b) and (c). There is no support for Appellant's bald assertion that she was entitled to request and receive the services of a grand jury.

█ Appellant also argues that she was denied her right to be represented by counsel. This is a misstatement. In fact, the trial court inquired as to whether Appellant wanted to be represented by counsel. She responded that she wished to be represented by an individual who had accompanied her to court but was not a licensed attorney. The court properly rejected the request.

Another assertion raised by Appellant is that the Commonwealth failed to prove the elements of the crime for which she was charged. In particular, Appellant alleges that the Commonwealth had the burden of proving "act" and "intent". This argument fails because intent is not an element of the crime for which she was charged and the Commonwealth clearly established beyond a reasonable doubt that she was driving at an excessive speed.

Appellant's remaining claims are arguably her most ridiculous. As the Commonwealth properly notes, Appellant erroneously (and curiously) cites to a repealed state tax provision

▬▬▬▬▬▬▬▬▬

72 P.S. § 3301, repealed November 24, 1992, P.L. 717, No. 108, § 3, for the proposition that the Commonwealth can only accept payment for fines in gold or silver coins. Appellant does not formulate any argument regarding this claim and, therefore, we will not elaborate on it any further.

▬ Lastly, Appellant argues that the gold fringe adorning the American flag displayed in the district justice's courtroom conferred Admiralty/Maritime jurisdiction. In addition to the fact that this is a preposterous claim, Appellant was afforded a trial *de novo* and, therefore, matters pertaining to the proceedings before the district magistrate are irrelevant.

▬ By filing the present appeal seeking review of frivolous issues, Appellant has caused this court to waste precious judicial resources. Appellant's total disregard for the court system as a whole began in the trial court and has carried over to this court. We admonish Appellant for necessitating review of these claims and direct her attention to the many sincere appellants who seek review before this court. Accordingly, pursuant to Pa.R.A.P. Rule 2744, 42 Pa.C.S.A.[1], we award the Commonwealth reasonable attorneys fees and costs and remand this matter to the trial court for a determination of attorneys fees and costs.

Order entering judgment of sentence affirmed. Case remanded to the trial court for proceedings consistent with this memorandum. Jurisdiction relinquished.

---

1. **Rule 2744. Further Costs. Counsel Fees. Damages for Delay**
   In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
   (1) a reasonable counsel fee and
   (2) damages for delay at the rate of 6% per annum in addition to legal interest,
   if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.