James C. **KONDIK** and Diane S. **Kondik**, Petitioners–Appellants,

v.

**UNITED STATES of America**, Respondent–Appellee.

No. 95–3712.

United States Court of Appeals, Sixth Circuit.

Submitted March 28, 1996.

Decided April 19, 1996.

James C. Kondik (Briefed), Creston, OH, for James C. Kondik.

Diane S. Kondik (Briefed), Creston, OH, for Diane S. Kondik.

Annette G. Butler, Asst. U.S. Atty., Office of the U.S. Atty., Cleveland, OH, Gary R. Allen, Acting Chief (Briefed), Charles E. Brookhart, U.S. Dept. of Justice, Appellate Section, Tax Div., Washington, DC, Thomas V. Linguanti, Tax Div., Dept. of Justice, Washington, DC, for U.S.

Before: KENNEDY, WELLFORD, and MOORE, Circuit Judges.

WELLFORD, Circuit Judge.

Taxpayers James and Diane Kondik appeal *pro se* the district court's denial of their petition to quash several Internal Revenue Service ("IRS") summonses issued under 26 U.S.C. § 7602 to third-party record-keepers in connection with an examination of the Kondiks' federal tax liabilities for 1991 and 1992. For the reasons stated below, we affirm the district court's ruling.

The decision to grant a petition to quash is guided by the analytical framework

posited by the Supreme Court in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Under *Powell,* the government bears the initial burden of establishing a prima facie case of "good faith" by showing that the summonses: 1) were issued for a legitimate purpose; 2) seek material relevant to that purpose; 3) seek material that is not already in the government's possession; and 4) satisfy all administrative steps required by the United States Code. *Id.* at 57–58, 85 S.Ct. at 254–55; *accord United States v. Ritchie,* 15 F.3d 592, 599–600 (6th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994). The requisite showing is generally made by the submission of an affidavit from the agent who issued the summonses. *United States v. Will,* 671 F.2d 963, 966 (6th Cir.1982). Once a prima facie case has been established, the burden shifts to the taxpayer to prove that enforcement of the summonses would be an abuse of the court's process. *Id.* This burden is a heavy one. *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978).

■ In the case at bar, the IRS agent who issued the summonses submitted an affidavit stating that the *Powell* requirements were satisfied. The Kondiks argue, however, that a prima facie case cannot be established because the government did not comply with all of the procedural requirements of the Internal Revenue Code. More specifically, although the Kondiks admit receiving notice and copies of the summonses sent to the third-party record-keepers, they contend that the copies were deficient because not attested. The Kondiks' position raises an issue of first impression in this circuit.

Section 7609 of the Internal Revenue Code requires that notice be given to any person about whom the IRS has summoned information from a third-party recordkeeper. 26 U.S.C. § 7609(a)(1). That statute goes on to state that "[s]uch notice shall be accompanied by *a copy* of the summons which has been served...." *Id.* (emphasis added). However, § 7609(a)(2) provides that the notice is sufficient if it is "served in the manner provided in § 7603 ... upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such

person, or, in the absence of a last known address, is left with the person summoned." 26 U.S.C. § 7609(a)(2). Section 7603 in turn provides that a "summons issued under section ... 7602 shall be served by the Secretary, by an *attested copy* delivered in hand to the person to whom it is directed, or left at his last and usual place of abode...." 26 U.S.C. § 7603 (emphasis added). According to the Kondiks, because § 7603 indicates that the summons must be an attested copy, that requirement is incorporated into the rules in § 7609(a)(2) for serving notice on a taxpayer of a third-party summons.

A majority of the circuits addressing this issue have held that the government need not provide taxpayers with attested copies. *See Fortney v. United States,* 59 F.3d 117, 120 (9th Cir.1995); *Codner v. United States,* 17 F.3d 1331, 1333–34 (10th Cir.1994). In *Codner,* the Tenth Circuit rejected the very position taken by the Kondiks, holding:

We do not read either § 7603 or § 7609(a) to require that the copy of the summons served on the taxpayer be attested. Only § 7603 contains any attestation requirement, and this requirement applies only to the persons to whom the summonses are directed, which in this case are the third parties. Section 7609(a) does not specifically require service of attested copies on the taxpayer. The only way an attestation requirement can be read into this section is through subsection (a)(2)'s provision allowing service on the taxpayer to be made in accordance with § 7603. But we do not believe this provision incorporates § 7603's attestation requirement. Instead, we read it to state only that the specific means of service allowed under § 7603—personal service or leaving a copy of the summons at the person's last and usual place of abode—may be used in providing notice to the taxpayer.

The fact that service pursuant to § 7603 is only one means of serving notice on the taxpayer bolsters this conclusion. Section 7609(a)(2) also allows service to be made by mailing the notice to the taxpayer's last known address or leaving the notice with the person summoned. Neither of these two methods of service requires attesta-

tion. We see no logic or purpose in requiring attestation when making personal service or leaving the notice at the taxpayer's last place of abode, but not when following the other two methods of service. We conclude that by omitting any specific attestation requirement in § 7609(a), while including one in § 7603, Congress did not intend to require that notice copies of summonses served on taxpayers be attested.

*Codner*, 17 F.3d at 1333–34 (footnote omitted) (citation omitted).

In *Fortney*, the Ninth Circuit echoed the holding in *Codner*, stating:

> The language of § 7609 is critical. In section (a)(1), the statute explicitly states that notice to the taxpayer "shall be accompanied by a copy of the summons." In § 7603, Congress mandated that "an attested copy" shall be delivered to a person summoned. "Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another." Here, the absence of an attestation requirement in § 7609 is dispositive.

*Fortney*, 59 F.3d at 120 (citation omitted).

The only authority contrary to *Codner* and *Fortney* is the Eighth Circuit's decision in *Mimick v. United States*, 952 F.2d 230 (8th Cir.1991).[1] However, we note that the present appeal is distinguishable from *Mimick* in that the third-party recordkeepers in this case received attested copies of the summonses in question. *See Codner*, 17 F.3d at 1333. Furthermore, we join *Fortney* in pointing out that the *Mimick* court provided "sparse" analysis in support of its holding and did not even cite § 7609(a), the special statute governing third-party summonses. *See Fortney*, 59 F.3d at 120.

In short, we believe that the Ninth and Tenth Circuits have taken the proper position on the attestation issue. Therefore, we hold that § 7609 requires only that taxpayers be served with copies, not attested copies, of the summonses served on third-party recordkeepers. Having rejected the Kondiks' stance on the attestation issue and determined that the remainder of their arguments are lacking in merit, we conclude that the summonses in question were issued in good faith and that the Kondiks have failed to show that their enforcement would result in an "abuse of process." Accordingly, we AFFIRM the district court's denial of the Kondiks' petition to quash.

---

1. In *Mimick*, the IRS did not serve either the third-party recordkeepers or the taxpayer with attested copies of the summonses. *See Mimick*, 952 F.2d at 231. Citing only § 7603, the Eighth Circuit held that attested copies must be served on both the third-party recordkeepers and the taxpayer. *Id.* at 231–32. Despite the lack of attestation, however, the *Mimick* court concluded that the summonses should be enforced because the IRS had acted in good faith and had not previously interpreted § 7603 to require that attested copies be served. *Id.* at 232.