With respect to the tender of defense, the evidence at trial established the following sequence of events:

December 23, 1994—tender of defense in *Nahom v. Bayliner* by Bayliner to Springfield Marine.

February 1, 1995—acceptance of defense by AIC for Springfield.

May 26, 1995—tender of defense to SDC by Springfield (AIC).

June 8, 1995—notification to SDC of trial setting for June 26, 1995 and need to pursue settlement. Again, tender of defense to SDC.

June 15, 1995—letter on behalf of Springfield (AIC) to SDC advising of $82,000 offer and suggesting reasonableness of amount and offering SDC opportunity to approve settlement or take over defense. If no action taken by SDC, Springfield to settle and seek full indemnification from SDC.

June 26, 1995—letter from Springfield to SDC advising of intent to settle and seek indemnification.

With the trial date of June 26, 1995 glaring down, AIC's actions in settling the case were sound. SDC's indolence in doing nothing was not. Accordingly, the Court finds that tender of the defense was timely.

In conclusion, the Court finds each element of AIC's indemnification theory has been met. It had the right to indemnity; potential liability existed; the settlement offer of $82,000 was reasonable; proper tender of the defense of the case was timely made under the circumstances.

The Court therefore grants judgment in favor of Acceptance Insurance Company against SDC, Inc. in the sum of $82,000. AIC has requested an award of costs, expenses, expert witness fees and attorney's fees. Counsel for AIC may file an application for costs, expenses and fees in accordance with Local Rules 8.02 and 8.03.

**Daniel J. McCANN, Plaintiff,**

v.

**Ronnie GREENWAY, et al., Defendants.**

**No. 96–5038–CV–SW–1.**

United States District Court,
W.D. Missouri,
Southwestern Division.

Jan. 15, 1997.

Daniel J. McCann, Golden City, MO, pro se.

Jeremiah (Jay) Nixon, Missouri Attorney General, Jefferson City, MO, Richard S. Scott, Lamar, MO, Harold F. Glass, Springfield, MO, for defendants.

## MEMORANDUM OPINION AND ORDER

WHIPPLE, District Judge.

Pending before the Court is the motion of Defendants Greenway, Percy, Winslow, and Missouri Division of Family Services ("DFS") and the motion of Defendants James Bickel and his law firm, Russell, Brown, Bickel & Breckenridge to dismiss this action, among other grounds, pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff Daniel J. McCann's failure to state a claim upon which relief can be granted. The twenty-five-page complaint in this action poses a number of problems, including the fact that over half of those pages merely list excerpts from various legal authorities, the relevance of which are not explained. Essentially, however, Mr. McCann appears to be suing everybody involved in a recent state court action in which Mr. McCann was divested of custody of his child or children for their conspiracy in the matter. His main complaint is that the state court did not have jurisdiction over the custody dispute because the court flew a "maritime flag of war", which invested the court with admiralty jurisdiction to the exclusion of its lawful jurisdiction over family law disputes.

## I. FACTS

Defendants Greenway, Percy, Winslow, and DFS are a juvenile officer for the Circuit Court of Vernon County, two employees of DFS, and DFS itself, all of whom were involved in the custody hearing. Defendants James Bickel and his law firm, Russell, Brown, Bickel & Breckenridge represented Jalene McCann, Plaintiff's ex-wife, at the hearing on a motion for modification. Separately, these Defendants raise a number of solid grounds on which to dismiss, all of which could be addressed through reasoned (if ultimately unconvincing) argument. Mr. McCann, however, has chosen a different route. In nearly identical motions opposing Defendants' motions, Mr. McCann asks for declaratory relief and summary judgment, "refuses" Defendants' motions and briefs, "refuses" the term "pro se" being attached to him, realleges that Defendants were part of a fraud and conspiracy to deny him his constitutional rights at his hearing, and claims that Defendants's silence in the face of these deprivations controverted their oaths of office, which, naturally, rendered those oaths perjured. The actual deprivation of constitutional rights is best left to Mr. McCann's own prose:

7. The Defendants witnessed the use of an "American maritime flag of war" in the court room to establish the jurisdiction in

the bar as a war sanctuary, under the American "War Powers Act".

8. This flag is of stars and stripes with gold fringe, and or gold or yellow rope or braid, or gold eagle on top of the flag pole, placed in the bar to deprive the proper parties in the bar, to any action of and not limited to, the deprivation of all U.S. Constitutional rights. This "maritime flag of War", is used with "intent" [which is proper element to establish "perjury of oath"], as the proper authorities have not charged, anyone of the defendants titled above, to date, with the "Deprivation of rights under color of law" or the "policy and custom" at [title 42 U.S.C.A. 1983, chapter 21, at notes 319 and 337], with "intent" of the high standards that all officers of the court enjoy, and did "fraud" the court of its immunity from any objections or charges that may arise by the proper party who's rights were violated.

\* \* \* \* \* \*

10) The "necessary element", being the "maritime flag of war", is with the "knowledge" (title 42 U.S.C.A. 1986) of the Defendant judge and or court. The judge upon entering the court is responsible as the "fiduciary" of the court, to control the "color of law" of the court. The plaintiff has requested of the judge to "replace" the "America war flag" with an "American flag of peace".....

11) The sovereignty that the plaintiff is declaring is under "the American flag of peace" of "the United States of America".

\* \* \* \* \* \*

18) Policies and customs, have changed because one citizen stood up for the truth and what was right. The "maritime flag"—abuse—will be tested by this case.....

McCann Br. in Opp'n to Defs. Greenway, Percy, Winslow and DFS's Mot. to Dismiss (all capital letters in original; language in brackets in original); *see also* McCann Br. in

Opp'n to Defs. James Bickel and Russell, Brown, Bickel & Breckenridge's Mot. to Dismiss (identical language in parts with negligible variations in others). To drive home the point, Mr. McCann has pasted on the front page of each of his motions a flag sticker which apparently represents the American flag of peace, it being without the offending fringe. Under that flag is the caption:

Incorporation Case No.
96–50380CV–SW–1

"Motion to Dismiss"

for "fraud" F.R.C.P. 9(b) and F.R.C.P. 12(b)(6) failed claim "motion", under the jurisdiction of the American flag of peace of the "United States of America" no jurisdiction of maritime or war will be allowed in this case incorporated case no. 96–5038–CV–SW–1.[1]

McCann Br. in Opp'n to Defs. Greenway, Percy, Winslow and DFS's Mot. to Dismiss (all capital letters in original); *see also* McCann Br. in Opp'n to Defs. James Bickel and Russell, Brown, Bickel & Breckenridge's Mot. to Dismiss (identical language in parts with negligible variations in others). Mr. McCann feels that the fringed flag in some way restricted the state court's jurisdiction to hold a custody hearing that disadvantaged him. He stakes his suit against these Defendants upon such a claim, because this is his sole argument against dismissal.

## II. STANDARD FOR MOTION TO DISMISS

"In considering a motion to dismiss, we must assume that all the facts alleged in the complaint are true. The complaint must be liberally construed in the light most favorable to the plaintiff. A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir.1994)

---

1. Mr. McCann must have the same legal advisor as the plaintiff in *Leverenz v. Torluemlu*, 1996 WL 341468, No. 96 C 2886 (N.D.Ill. June 17, 1996) (remarking upon the "bizarre" pleading entitled "Motion: Notice of Refusal for Fraud, Pursuant to F.R.C.P. Rule 9(b), Rule 10(a), and Rule

12(b)(1, 2, 3, 4, 5, 6, 7,) This case is under the jurisdiction of the American Flag of Peace (Title 4 USC 1) of the United States of America. No Admiralty or Maritime jurisdiction will be allowed in the jurisdiction of this case.").

(citations omitted). *Pro se* complaints are entitled to a liberal construction. *Edgington v. Missouri Dept. of Corrections,* 52 F.3d 777, 779 (8th Cir.1995).

## III. ANALYSIS

■■■ The issue before the Court is whether action taken by a state court during a child custody hearing while the court's flag is adorned with gold fringe idly hanging or a gold eagle vigilantly peering atop the flagpole somehow violates a litigant's rights under United States Constitution, and whether the Defendants, various child welfare workers, the state child welfare agency, the adverse litigant's counsel and his law firm, are liable for sitting mute without protest or action to cure. Before issuing its ruling, the Court must disclose that its courtroom and chambers each sport an American flag with gold fringe and a gold eagle atop the respective flagpoles. The Court declines to recuse itself, however, for reasons that become obvious below.

Other Courts have considered Mr. McCann's argument or arguments similar in nature or effect. Those courts have labeled the position as "frivolous",[2] "totally frivolous",[3] "preposterous",[4] and "a ... really unintelligible assertion[ ]".[5] This Court agrees. But in the interest of killing this argument for good, and to facilitate appellate review, the Court will examine the law of the flag.

The United States Code provides that "[t]he flag of the United States shall be thirteen horizontal stripes, alternate red and white; and the union of the flag shall be forty-eight stars, white in a blue field", 4 U.S.C. § 1, with one star added for each additional state, 4 U.S.C. § 2. In the 1920s, Army Regulation 260–10 required troops in the field to fly flags with a yellow silk fringe. *See* 34 Op.Att'y Gen. 483, 484–85 (1925). The Adjutant General of the Army believed that

> [t]he War Department ... knows of no law which either requires or prohibits the placing of a fringe on the flag of the United States. No Act of Congress or Executive order has been found bearing on the question. In flag manufacture a fringe is not considered to be a part of the flag, and it is without heraldic significance. In the common use of the word it is a fringe and not a border. Ancient custom sanctions the use of fringe on the regimental colors and standards, but there seems to be no good reason or precedent for its use on other flags.

*Id.* at 485 (quoting an untitled circular of the Adjutant General dated Mar. 28, 1924). The United States Attorney General concurred, noting that the presence of a fringe on the flag "can not be said to constitute an unauthorized addition to the design prescribed by statute". *Id.* The President may, however, determine whether the Army or Navy display or remove fringes from their flags or standards. *Id.* at 485–86. The latest effective executive order, signed by President Eisenhower, himself a military man, did not address this issue. *See* Executive Order No.

---

**2.** *United States v. Greenstreet,* 912 F.Supp. 224, 229 (N.D.Tex.1996) (rejecting argument that a federal court is limited to admiralty jurisdiction because it displays a fringed flag).

**3.** *Vella v. McCammon,* 671 F.Supp. 1128, 1129 (S.D.Tex.1987) (rejecting argument that a federal court lacks jurisdiction to impose penalties for civil and criminal contempt because its flag is fringed).

**4.** *Commonwealth v. Appel,* 438 Pa.Super. 214, 652 A.2d 341, 343 (1994) (rejecting argument that a fringed flag in a state courtroom conferred on the court admiralty or maritime jurisdiction).

**5.** *Leverenz v. Torluemlu,* 1996 WL 272538, at *1 & n. 3 (N.D.Ill. May 20, 1996) (noting, where the complaint named as defendants a judge, a state attorney general, a doctor, several police officers from different communities, and 600 unnamed John and Jane Does, that "[s]ome idea of what is to come is provided by this legend that Leverenz attaches to his "Complaint" heading: [¶] This case is under the jurisdiction of the American flag of peace of the United States of America. No flags of war will serve this case jurisdiction."). The Court recognizes that standard practice in the Eighth Circuit is to refrain from citing unpublished opinions, *see* Plan for Publication of Opinions, *reprinted in* Eighth Circuit Rules and Procedures, *Missouri Rules of Court: State and Federal* (West 1996), unless "no published opinion would serve as well", *National Auto. Dealers & Assocs. Retirement Trust v. Arbeitman,* 89 F.3d 496, 502 (8th Cir.1996). The *Leverenz* court's colorful use of language fits the exception. *See also supra* note 1 (quoting a later motion in the *Leverenz* case as "bizarre").

10834, 24 Fed.Reg. 6865 (1959), *reprinted in* 4 U.S.C.A. § 1 notes (1985).

■ Therefore, Mr. McCann's claims against the above-listed Defendants must be dismissed because his factual predicate is incorrect as a matter of law. Even if the Army or Navy do display United States flags surrounded by yellow fringe, the presence of yellow fringe does not necessarily turn every such flag into a flag of war. Far from it: in the words of the Adjutant General of the Army, "[i]n flag manufacture a fringe is not considered to be a part of the flag, and it is without heraldic significance." 34 Op.Att'y Gen. at 485. If fringe attached to the flag is of no heraldic significance, the same is true *a fortiori* of an eagle gracing the flagpole.

■ Nor are the fringe or the eagle of any legal significance. Even were Mr. McCann to prove that yellow fringe or a flagpole eagle converted the state court's United States flag to a maritime flag of war, the Court cannot fathom how the display of a maritime war flag could limit the state court's jurisdiction to take his child away from him. Jurisdiction is a matter of law, statute, and constitution, not a child's game wherein one's power is magnified or diminished by the display of some magic talisman.[6]

Because Mr. McCann offers no other reason why the state court lacked jurisdiction to hear the custody dispute, "it appears beyond a doubt that [Mr. McCann] can prove no set of facts which would entitle the plaintiff to relief." *Coleman v. Watt*, 40 F.3d at 258 (citations omitted). Consequently, his claims against the above-listed Defendants must be dismissed. Furthermore, Mr. McCann is hereby warned that the Court will reward future frivolous arguments with monetary sanctions. This warning will serve as notice to Mr. McCann regarding his behavior in all the cases he has before this Court.

Finally, to ensure that the remaining defendants are not similarly harassed by Mr. McCann, the Court will require him to file a pleading, within two weeks from this order, setting out with particularity his claims against each remaining defendant and a *short* citation to the legal authority supporting each claim. Failure to do so will result in the dismissal of each defendant against whom Mr. McCann cannot provide a nonfrivolous ground for relief.

### IV. ORDER

For the reasons given above, it is hereby

ORDERED that the motions of Defendants Greenway, Percy, Winslow, Missouri Division of Family Services, James Bickel, and the law firm Russell, Brown, Bickel & Breckenridge are GRANTED and these Defendants are hereby DISMISSED from this action WITH PREJUDICE. It is further

ORDERED that Plaintiff McCann's motions for declaratory relief and summary judgment against these Defendants are DENIED. It is further

ORDERED that within two weeks of the date of this order, Plaintiff shall file a pleading setting out with particularity his claims against each remaining defendant and a short citation to legal authority supporting each claim. Failure to do so will result in dismissal of each defendant for whom Mr. McCann cannot provide a nonfrivolous ground for relief. It is finally

ORDERED that a true copy of this order be sent by certified mail to Mr. McCann at the address given on his complaint.

---

6. *Cf. Moeller v. D'Arrigo*, 163 F.R.D. 489, 491 & n. 1 (E.D.Va.1995) (dismissing as frivolous a motion alleging that state court had no jurisdiction over ongoing probate proceeding because it "display[ed] the federal and state military flags" such that "Admiralty jurisdiction prevail[ed]" in the state court, and rejecting notion that federal district courts have jurisdiction over matters arising under natural law when they fly a flag of the United States).