**Orval P. RUSSELL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 1:96–MC–84.

United States District Court,
W.D. Michigan,
Southern Division.

March 27, 1997.

Orval D. Russell, Grand Rapids, MI, pro se.

Christine A. Grant, Trial Attorney, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S.

**OPINION**

ROBERT HOLMES BELL, District Judge.

Before the Court is Respondent's motion for summary denial of petition and enforcement of Internal Revenue Service summons. For the reasons stated below, this Court will grant Respondent's motion.

The Petitioner has brought an action to quash service of third party Internal Revenue Service summons. The summons was

issued and served in order to assist in determining Petitioner's tax liability for the years 1990 through 1994. As indicated by the Declaration of Internal Revenue Service agent, Kraig S. Kuklewski, the Petitioner has not filed income tax returns for 1991 through 1994 even though he is self employed. The Petitioner formerly owned and did business as Precision Polishing and Benching. In his investigation, Agent Kuklewski learned that although the Petitioner no longer does business under the name Precision Polishing and Benching, he continues to perform the same services that he provided under the name Precision Polishing and Benching. His customers were told to write checks payable to the Blue Shed Commonwealth Trust, which holds an account at Comerica Bank. Because the Petitioner's compensation is deposited into the Blue Shed Commonwealth Trust, Agent Kuklewski believes that the Petitioner may be a beneficiary of the trust. For those reasons, Agent Kuklewski believes that the Petitioner may have engaged in financial and mortgage transactions with Comerica Bank. As a result, Agent Kuklewski issued the Internal Revenue Service summons to Comerica Bank.

Petitioner seeks to quash the summons for a number of reasons. He claims that the summons was issued without lawful authority, that the "Summons form lists Petitioner's name in caps, utilizing the Alter–Ego, *Doctrine of Mortmain,* to which Petitioner is not subject", that section 7602 "does not have authorizing federal regulations to enforce compliance", the summons itself was a sham and a fraud, the summons is not relevant to a legitimate purpose, and the data sought is already in Respondent's possession.

■ The Petitioner raised nearly all of the same arguments in the matter *Russell v. United States,* (No. 1:94–CV–672) 1994 WL 750673 (W.D.Mich.1994). In that opinion, this Court found that Petitioner's arguments, "lack merit", are "wholly baseless", and "lack an arguable basis in either law or in fact." This Court finds that its conclusions as to the merit of Petitioner's arguments have not changed since the above opinion was issued. Petitioner has raised one new argument in that he claims because his name is in all

capital letters on the summons, he is not subject to the summons. As to this argument, this Court will follow the Eighth Circuit when it responded to an argument of similar merit when it stated "[t]hese issues are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion." *United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir.1992) *cert. denied Ziebarth v. United States,* 508 U.S. 952, 113 S.Ct. 2447, 124 L.Ed.2d 664 (1993).

In an action to enforce an IRS summons, "[u]nder *[United States v.] Powell,* [379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)], the government bears the initial burden of establishing a prima facie case of "good faith" by showing that the summonses: 1) were issued for a legitimate purpose; 2) seek material relevant to that purpose; 3) seek material that is not already in the government's possession; and 4) satisfy all administrative steps required by the United States Code." *Kondik v. United States,* 81 F.3d 655, 656 (6th Cir.1996). "The requisite showing is generally made by the submission of an affidavit from the agent who issued the summonses." *Id.* (citing *United States v. Will,* 671 F.2d 963, 966 (6th Cir.1982)). "It is clearly established that the Internal Revenue Service need not establish probable cause in order to obtain enforcement of a summons." *United States v. Feminist Federal Credit Union,* 635 F.2d 529, 530 (6th Cir.), *cert. denied* 449 U.S. 876, 101 S.Ct. 219, 66 L.Ed.2d 97 (1980) (citing *Powell* ). Once the prima facie case has been established, the taxpayer must meet the heavy burden of showing abuse of process on the part of the government. *Id.*

■ The summons was issued pursuant to a legitimate purpose. Because one of the congressionally authorized purposes include "making a return where none has been made", "determining the liability of any person for any internal revenue tax" and "inquiring into any offences connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602, it is clear that the facts in this case demonstrate that the summons was issued pursuant to a legitimate purpose.

The summons seeks material relevant to that purpose if it "might throw light upon" the tax liabilities under investigation. See *United States v. Arthur Young & Co.*, 465 U.S. 805, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984). Again the record before this Court clearly demonstrates that this element has been met. Because the Declaration of Agent Kuklewski has stated that with the exception of a number of checks, the information sought is not within the government's possession, the third element has been met. Finally, because the government has met the service requirements as explained by the Sixth Circuit in *Kondik*, where the Court stated "[w]e do not read either § 7603 or § 7609(a) to require that the copy of the summons served on the taxpayer be attested," 81 F.3d at 656, the government has established a prima facie case in this matter.

Because the Petitioner has failed to allege specific facts showing an abuse of the court's process or other legally sufficient reason for that an IRS summons should not be enforced, he has failed to meet his burden. *United States v. Will*, 671 F.2d at 966–967 (6th Cir.1982).

For the reasons stated above, Respondent's motion for summary denial of Petitioner's motion to quash and for enforcement of the Internal Revenue Service summons will be granted.