**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Karen BRUNET, Defendant–Appellant.**

**No. 00–5407.**

United States Court of Appeals,
Sixth Circuit.

Feb. 28, 2001.

Before JONES, BATCHELDER, and CLAY, Circuit Judges.

---

## ORDER

Karen Brunet, a Tennessee resident proceeding pro se, appeals a district court order enforcing an Internal Revenue Service ("IRS") summons. *See* 26 U.S.C. § 7602. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In August 1999, the IRS issued a summons to Karen Brunet which directed her to appear before an IRS special agent and produce records relating to the tax liability of her husband, Rickey Brunet. After Brunet failed to appear, the government filed a petition to enforce the summons. Brunet filed a response and affidavit opposing the petition. The government construed Brunet's opposition as a motion to quash the summons and filed a motion to dismiss. After a hearing, the district court concluded that the United States had established a prima facie case for judicial enforcement of the IRS's administrative summons and that Brunet had failed to show cause why the summons should not be enforced. The court granted the United States's motion to dismiss and ordered the summons enforced. Brunet timely appealed, and filed a petition for an injunction to prevent the enforcement of the summons pending appeal.

In her appeal, Brunet argues that: (1) she could not provide Brunet, Inc.'s records because they belonged to the corporation, not her; (2) the IRS already possessed the records it requested; (3)

Brunet, Inc.'s records were not relevant to the IRS's investigation of Rickey Brunet; and (4) the summons was not issued for a legitimate purpose because the IRS did not establish that Rickey Brunet was a taxpayer.

This court reviews a district court's decision to enforce an IRS summons for clear error. *See United States v. Derr*, 968 F.2d 943, 945 (9th Cir.1992). Upon review, we conclude that the district court did not err when the court ordered the enforcement of the summons.

The United States met its initial burden of establishing that: (1) the summons was issued for a legitimate purpose; (2) the material sought was relevant; (3) the material sought was not already in the IRS's possession; and (4) the IRS had complied with the requisite administrative procedures. *See United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir.1996). The summons was addressed to Karen Brunet and Brunet, Inc., and requested the production of contracts, billings, records of payments, savings and checking accounts records, and records of expenses associated with Brunet, Inc., Rickey Brunet, and Karen Brunet. Special Agent George Villhard's declaration satisfied the factors set out in *Powell. See Kondik*, 81 F.3d at 656.

Brunet failed to meet her burden of demonstrating that enforcement of the summons would be an abuse of the court's process. *See United States v. Will*, 671 F.2d 963, 966 (6th Cir.1982). In response to the IRS's petition, Brunet raised the same arguments she makes on appeal.

██ Brunet's argument that the summons was improper because the documents that the IRS sought were not her property is without merit. Although the lack of possession of documents is a de-

fense to the enforcement of a summons, lack of ownership is not. *See* 26 U.S.C. § 7602; *United States v. Rylander,* 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983); *United States v. Lawn Builders of New England, Inc.,* 856 F.2d 388, 391–92 (1st Cir.1988); *United States v. Huckaby,* 776 F.2d 564, 567 (5th Cir.1985). Brunet admitted that she had possession of Brunet, Inc.'s records as the corporation's record keeper, and thus had no defense to enforcement of the summons.

Brunet's claim that the IRS already possessed the records it requested also fails. In its motion to dismiss the United States stated that, after filing the petition to enforce the summons, the IRS received records of savings or checking accounts held by Brunet, Inc. at the Union Planters Bank. The agency agreed to limit the summons to records other than those already received. Brunet did not identify any other documents that were supposedly in the IRS's possession, and so did not present a viable defense to enforcement of the summons.

■ Brunet's contention that Brunet, Inc.'s records were not relevant to the IRS's investigation of Rickey Brunet is also without merit. Under 26 U.S.C. § 7602, the government is entitled even to information that has only "potential relevance" to the investigation. *See United States v. Arthur Young & Co.,* 465 U.S. 805, 814, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984). Karen Brunet did not deny that Rickey Brunet was connected in some fashion to Brunet, Inc., or that Rickey Brunet's name appeared in the corporation records sought by the IRS. Accordingly, the district court's implicit finding that the records requested in the summons were potentially relevant is not clearly erroneous.

Finally, Brunet's argument that the IRS did not establish that Rickey Brunet was a taxpayer is without merit. Brunet argues that the term "taxpayer" only applies to persons liable for a tax, that the IRS did not show that Rickey Brunet was liable for any tax, and that therefore the agency had no authority to require her to produce records relevant to the inquiry into Rickey Brunet's tax liability. "This circular reasoning is contrary to the express language of 26 U.S.C. § 7602(a) and has been consistently rejected by the courts." *Stites v. IRS,* 793 F.2d 618, 620 (5th Cir.1986).

Brunet failed to identify any clear error in the district court's ruling. Accordingly, we deny Brunet's petition for an injunction to prevent the enforcement of the summons and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.