**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George K. PRAGOVICH, Defendant–
Appellant.**

No. 09–5037.

United States Court of Appeals,
Sixth Circuit.

Dec. 22, 2009.

Before: BOGGS, MOORE, and COOK,
Circuit Judges.

## ORDER

George K. Pragovich, a Tennessee resident, appeals pro se a district court order enforcing a summons filed by the Internal Revenue Service (IRS). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pragovich, doing business as National Justice Center, assists his customers in filing lawsuits for damages against the IRS pursuant to 26 U.S.C. §§ 7431 and 7433, alleging unauthorized inspection of tax returns and unauthorized collection actions. Believing that this activity might subject Pragovich to penalties pursuant to 26 U.S.C. §§ 6700–6701, which pertain to promotion of abusive tax shelters and assistance in understatement of tax liability, the IRS issued a summons to Pragovich, requesting him to furnish a list of his customers, the materials he provided to them, and his financial records. Pragovich refused to comply with the summons, and the IRS filed a petition to enforce the summons in the district court. Pragovich filed replies to the petition, and a motion to issue subpoenas to IRS employees, seeking the documents relied on in issuing the summons. After holding a hearing, the district court denied the motion to issue subpoenas and ordered the summons enforced.

On appeal, Pragovich argues that the district court erred in enforcing the summons, which he alleges was not issued for

a legitimate purpose, that his motion for issuance of subpoenas should have been granted, and that his Fifth Amendment privilege against self-incrimination will be violated by enforcement of the summons.

An order enforcing a summons issued by the IRS is reviewed for clear error. *United ed States v. Monumental Life Ins. Co.*, 440 F.3d 729, 732 (6th Cir.2006). The IRS has expansive information-gathering authority; in order to make out a prima facie case for enforcement of a summons, it need only show that the summons was issued in good faith, the information sought is relevant to the information-gathering purpose, the information is not already in the Commissioner's possession, and the proper administrative steps have been followed. *Id.* at 733. This minimal burden may be satisfied by submitting an affidavit from the agent issuing the summons, *id.*, which was done in this case. Pragovich argues that the district court erred because the summons was not shown to be issued for a legitimate purpose. We find no clear error here, however, as the summons could be used to determine whether Pragovich was subject to penalties under 26 U.S.C. §§ 6700–6701 for, among other things, advising others with respect to preparation of documents understating their tax liability.

Once the government makes its prima facie case for enforcement of the summons, the taxpayer must disprove the elements or show that enforcement would be an abuse of the court's process. *Monumental Life*, 440 F.3d at 733. Pragovich argues that the summons will require him to incriminate himself in violation of his Fifth Amendment rights. However, as the district court properly pointed out, Pragovich remains free to raise his Fifth Amendment rights in response to the government's requests. *See United States v. Grable*, 98 F.3d 251, 257 (6th Cir.1996) (noting that

"the privilege can apply only on a document-by-document basis").

Finally, Pragovich argues on appeal that the district court erred in denying his motion to issue subpoenas. However, the district court properly pointed out that subpoenas are not appropriate in the context of a civil case, in which discovery proceeds by such methods as depositions, interrogatories, and requests for admissions.

For the above reasons, the district court's order enforcing the government's summons is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.