**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Donald James DREW, Defendant–Appellant.**

No. 08CA2664.

Colorado Court of Appeals, Div. III.

May 13, 2010.

Rehearing Denied June 17, 2010.

John W. Suthers, Attorney General, Jennifer L. Ward, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Donald James Drew, Pro Se.

Opinion by Judge ROY.

Defendant, Donald James Drew, appeals the order denying his "Petition by Special Appearance by Plaintiff Pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983." We affirm.

Defendant pled guilty to first degree kidnapping, § 18–3–301(1)(a), (c), C.R.S.2009, and conspiracy to distribute a schedule II controlled substance, § 18–18–405, C.R.S. 2009.

The core of defendant's argument on appeal is that (1) he was born Donald James Drew, and the person charged in this matter was DONALD JAMES DREW; (2) the capitalization of the name created a "Strawman/Stramineous Homo/Ens Legis/Artificial Person" (artificial person); (3) the artificial person was convicted; (4) he has been incarcerated as surety chattel or security for the artificial person; and (5) he has been denied due process. Claims so premised are patently frivolous and without merit. *Russell v. United States,* 969 F.Supp. 24, 25 (W.D.Mich. 1997); *United States v. Washington,* 947 F.Supp. 87, 92 (S.D.N.Y.1996); *Jaeger v. Du-*

*buque County,* 880 F.Supp. 640, 643 (N.D.Iowa 1995).

In *Russell,* a taxpayer sought to quash a summons for, among other reasons, the "Summons form lists [taxpayer's] name in caps, utilizing the Alter–Ego, *Doctrine of Mortmain,* to which [taxpayer] is not subject." *Russell,* 969 F.Supp. at 25. Responding to that argument, the court stated:

> Petitioner has raised one new argument in that he claims because his name is in all capital letters on the summons, he is not subject to the summons. As to this argument, this Court will follow the Eighth Circuit when it responded to an argument of similar merit when it stated "[t]hese issues are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion."

*Id.* (quoting *United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir.1992)).

■ The only assertion made by defendant that is independent of the artificial person argument is that the trial court lacked jurisdiction over him and the alleged offenses because it is an "inland admiralty court" evidenced by the presence of a fringed flag.

In *McCann v. Greenway,* 952 F.Supp. 647, 650 (W.D.Mo.1997), the court addressed a variation of the "fringed flag" argument, stating:

> Other Courts have considered [the "fringed flag" argument]. Those courts have labeled the position as "frivolous" [*United States v. Greenstreet,* 912 F.Supp. 224, 229 (N.D.Tex.1996) ], "totally frivolous" [*Vella v. McCammon,* 671 F.Supp. 1128, 1129 (S.D.Tex.1987) ], "preposterous" [*Commonwealth v. Appel,* 438 Pa.Super. 214, 218, 652 A.2d 341, 343 (1994) ], and "a ... really unintelligible assertion[ ]" [*Leverenz v. Torluemlu,* 1996 WL 272538 (N.D.Ill.1996) (not reported in F.Supp.) ]. This Court agrees.

952 F.Supp. at 650 (footnotes omitted). In the apparent belief that by analyzing the law of the flag it could "kill [the] argument for good" and "facilitate appellate review," *id.,* the court then engaged in an extended discussion of that law. We harbor no such

optimism and decline to address the matter further.

We follow the excellent guidance of the United States District Court for the Western District of Michigan and agree with the conclusion, however characterized, reached by the United States District Court for the Western District of Missouri.

Order affirmed.

Judge DAILEY and Judge RICHMAN concur.