**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0330n.06

**No. 12-1879**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED**<br>*Apr 03, 2013*<br>DEBORAH S. HUNT, Clerk |
| Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| AS HOLDINGS GROUP, LLC; PINNACLE | ) | STATES DISTRICT COURT FOR THE |
| HR SERVICES, LLC; AS SOUTH, LLC; | ) | EASTERN DISTRICT OF MICHIGAN |
| APEX ADMINISTRATIVE SERVICES, | ) | |
| LLC; APEX HR SERVICES, LLC and | ) | |
| PEOPLE PLUS BUSINESS SERVICES, LLC, | ) | |
| | ) | |
| Appellants. | ) | |

Before: BOGGS, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge. Proposed Intervenor-Appellant—a group of entities collectively known as Apex for purposes of this litigation—appeals a district court order denying its permissive intervenor motion and enforcing an IRS summons served on its contractor, Omega Solutions, LLC ("Omega"). Omega, which is not a party to this appeal, agreed to await our disposition of Apex's challenge. We AFFIRM the district court's judgment denying intervention and enforcing the summons.

No. 12-1879
*United States v. AS Holdings Group, LLC, et al.*

I.

Assured Source PEO, LLC ("Assured Source"), Apex, and Omega are commonly known as "professional employer organizations" (PEOs), because they manage client companies' payrolls, including tax withholdings. The IRS began investigating Assured Source when it failed to remit its clients' social security and income taxes for the 2008-2010 tax years. This case arises from the IRS's collection efforts.

Assured Source ceased operating in December 2010 and within a month, a newly formed company, Apex, took over Assured Source's clients, and hired James D'Iorio—Assured Source's sole shareholder, president, and CEO—as a sales representative to "solicit and develop new business opportunities."

Soon thereafter, Apex contracted with Omega to service Apex's client companies. In its role, Omega possessed Apex's client information, including the information Apex absorbed from Assured Source. The Apex-Omega contract included a confidentiality provision that barred Omega from disclosing Apex's client data. After only three months, Apex fired Omega and sued in Michigan state court to enjoin Omega from disclosing information regarding Apex's clients. The state court granted Apex's injunction, enjoining Omega from "disclosing to the IRS the customer lists, customer information[,] and other business information which would reveal the identity" of Apex's customers.

As this was taking place, the IRS pushed forward in its investigation of Assured Source's outstanding tax liabilities. When Deborah Black, the IRS Revenue Officer spearheading the case, issued a summons to Apex—believing that Assured Source's client list was largely duplicated in Apex's documents—Apex refused to comply. Apex's resistance led Black to chart an alternative course, pressing Omega for the information instead. The ensuing summons required Omega to give testimony and produce "lists of clients including names and addresses that were serviced or administered by . . . Omega." The summons also instructed that, "under IRC 7609(c)(2)(D), this summons is exempt from the notice requirements pertaining to third-party summonses."

After Omega refused to produce the requested documents, citing the state-court injunction, the IRS filed an enforcement petition in district court. The district court ordered Omega to show cause why the IRS's summons should not be enforced. Omega claimed that, despite being "more than willing to comply," it was "prevented from doing so due to a permanent injunction." Apex sought permissive intervention under Federal Rule of Civil Procedure 24(b) and moved to dismiss the IRS's enforcement petition for failure to meet the requirements set forth in *Powell v. United States*, 379 U.S. 48 (1964).

After a hearing on Apex's motions, the court denied intervention and enforced the summons. It reasoned that although Federal Rule of Civil Procedure 24(b) would generally permit Apex to intervene, Rule 81(a)(5)'s "except as otherwise provided by statute" provision controlled. The thwarting statute in this case, 26 U.S.C. § 7609, removed the notice requirement because the

summons was "issued in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued," *id.* § 7609(c)(2)(D). With Apex not entitled to notice, the district court reasoned, Apex lacked the right to intervene to challenge enforcement.

The court nevertheless considered the merits of Apex's summons-enforcement challenge. Following a thorough discussion of *United States v. Powell*, the court concluded that the IRS met all the factors for enforcement. Because Apex provided no evidence to suggest bad faith or abuse of process, the court denied its motion to dismiss. It then ordered Omega's representative to testify before the IRS and produce the requested documents. Apex filed a notice of appeal and moved for a stay of the enforcement order. When the district court denied the stay, Apex moved this court for a stay pending appeal, which we denied. In August 2012, Omega complied with the enforcement order.[1]

II.

*A. Standard of Review*

We generally review denials of permissive intervention for "clear abuse of discretion." *Blount-Hill v. Zelman*, 636 F.3d 278, 287 (6th Cir. 2011) (internal quotation marks omitted). Yet

---

[1]This case is not moot because, were we to reverse the district court, we have the "power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies" of the seized documents. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992).

this case warrants de novo review because the district court's analysis rested on strictly legal conclusions, rather than weighing of the Rule 24(b) factors. We review the district court's summons-enforcement order for clear error, reversing only if "we are left with the definite and firm conviction that a mistake has been committed." *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 732 (6th Cir. 2006) (internal quotation marks omitted).

## B. *Permissive Intervention*

First, Apex confuses the standards for intervention as-of-right and permissive intervention. Although its district court motion focused on Rule 24(b), its appeal cites Rule 24(a)'s standard for intervention as-of-right. The confusion need not detain this court long because the district court determined that 26 U.S.C. § 7609 supplanted the Federal Rules in this summons-enforcement proceeding.

Apex faults the district court's analysis of Federal Rule of Civil Procedure 24(b) and 81(a)(5), as well as 26 U.S.C. § 7609(c)(2)(D). The court noted that the Federal Rules generally apply to summons proceedings, Fed. R. Civ. P. 81(a), except as "otherwise provided by statute," *id.* 81(a)(5). In this case, 26 U.S.C. § 7609 supplies the governing standard. Section 7609(b)(1) provides the right to challenge an IRS summons to those entitled to notice of the summons. Thus, "if notice is not mandated, neither is a petition to quash authorized." *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999). The district court concluded that Apex lacked a right to notice because § 7609(c)(2)(D), suspends the notice requirement for third-party summonses "issued in aid of the

collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued."

Apex argued to the district court—and echoed on appeal—that "designation in § 7609 of a class of third party summonses for which a real party at interest may intervene and attempt to quash or dismiss the petition does not preclude other action to dispute a summons." This argument fails for two reasons. First, Rule 81(a) limits Rule 24's reach when "otherwise provided by statute." Here, § 7609 provides a special scheme for IRS third-party summonses, displacing Rule 24 in all cases, even where exceptions in § 7609 apply. Second, Apex's argument contradicts itself. Conceding that § 7609 specifies a particular group of persons entitled to petition the court to quash a summons, Apex nevertheless contends that the district court should have applied Rule 24(b) to its intervention motion. But if § 7609 forecloses the right to quash by limiting the class permitted to invoke it, then Rule 24(b) cannot simultaneously confer that right on persons outside that class.

Unable to justify intervention under § 7609, Apex turns to the Supreme Court's decision in *Donaldson v. United States*, 400 U.S. 517 (1971). Yet *Donaldson* offers no assistance, having denied intervention to a taxpayer who lacked a legally protected interest in the summoned documents. *Donaldson* holds that Rule 81(a)(5)[2] authorizes district courts, by local rule or order, to limit the

---

[2]The case cites Rule 81(a)(3), which now appears without substantive difference in subsection (a)(5). *Compare Donaldson*, 400 U.S. at 529 n.11, *with* Fed. R. Civ. P. 81(a)(5).

application of the Federal Rules in summons-enforcement proceedings. *Donaldson*, 400 U.S. at 528-29. Because the district court correctly applied § 7609, we affirm its denial of intervention.

*C. Enforcement Order*

Congress imbued the IRS with expansive information-gathering authority in part because "the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized." *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984). The IRS's broad summons power extends to third parties who may hold relevant information. *Monumental Life*, 440 F.3d at 733 (citing 26 U.S.C. § 7602(a)(2)).

*United States v. Powell* supplies the test for summons-enforcement proceedings. Under *Powell*, the IRS must show: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession,[3] and that the administrative steps required by the Code have been followed . . . ." 379 U.S. at 57-58; *see also Monumental Life*, 440 F.3d at 733. The IRS may meet this "minimal burden" by submitting an affidavit from the agent issuing the summons. *United States v. Pragovich*, 363 F. App'x 313, 314 (6th Cir. 2009) (citing *Monumental Life*, 440 F.3d at 733)). Once the IRS meets its prima facie burden, it falls on the challenging party either to dispute the affidavit's facts or demonstrate that enforcement would constitute an abuse of process. *Monumental*

---

[3]Apex never argued that the IRS already possessed the documents, and we therefore need not consider that issue on appeal.

*Life*, 440 F.3d at 733 (citing *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. Unit A Feb. 1981)). "This burden is a heavy one." *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996) (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978)).

### 1. Summons Issued for Legitimate Purpose

Section 7602(a) authorizes the IRS to "examine any books, papers, records, or other data which may be relevant" to tax collection. Neither party challenged the investigation of Assured Source's tax liabilities below. Though Apex now argues that "the evidence shows that the Service has no real interest in collecting Assured Source's liabilities," it failed to raise this issue before the district court, thereby forfeiting this argument.

### 2. IRS Satisfied Relevance Prong

*Powell'*s relevance prong asks whether the records requested "might" shed light upon an ongoing investigation. *Arthur Young*, 465 U.S. at 814-15 & n.11. Though a "very low" threshold, courts guard against "sweeping or irrelevant orders," particularly where third parties are involved. *Monumental Life*, 440 F.3d at 736. Apex charges that the district court accepted "without question the IRS' unsupported and conclusory statement" that the requested documents relate to Assured Source's tax liabilities. Citing *Monumental Life*, Apex challenges Agent Black's affidavit as insufficient and overbroad. But the district court rested its decision on both the agent's affidavit and the business relationships between Assured Source and Apex. It discussed how Apex links Omega

to Assured Source—Apex having provided Omega with the information on Assured Source's former clients. As this information relates back to the Assured Source investigation, the district court properly deemed it relevant.

3.      *IRS Complied with Necessary Administrative Procedures*

Finally, Apex recasts its notice argument, suggesting for the first time on appeal that the IRS violated its own procedures in failing to give Apex notice of the summons. Even if Apex had preserved this argument for appeal, as stated above, § 7609's notice exception controls. Thus, Apex does not demonstrate that the IRS violated administrative rules or procedures by failing to provide Apex with notice.

The foregoing factors favor enforcement, and the district court properly recognized the relevance of the documents sought to a legitimate IRS investigation. We thus discern no error in the district court's enforcement decision.

III.

We AFFIRM the district court's judgment.