J-S77031-14

2015 PA Super 60

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA

Appellee              :
                                    :

v.                    :
                                    :

MICHAEL T. BEAUFORT,         :
                                    :

Appellant            :      No. 787 EDA 2014

Appeal from the Judgment of Sentence Entered February 21, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0009076-2013
MC-51-CR-0014862-2012

BEFORE:    STABILE, JENKINS, and STRASSBURGER,* JJ.

OPINION:   BY STRASSBURGER, J.:      **FILED MARCH 24, 2015**

Michael T. Beaufort (Appellant) appeals from the judgment of sentence entered February 21, 2014, following his conviction for two counts of driving under the influence (DUI). For the following reasons, we affirm.

On April 12, 2012, Appellant was arrested and charged with, *inter alia*, DUI. His case was listed for trial in Philadelphia's Municipal Court. Prior to trial, Appellant moved for dismissal of his case pursuant to the municipal court prompt trial rule, Pa.R.Crim.P. 1013.[1] That motion was denied, following a hearing, on February 22, 2013. On April 10, 2013, Appellant proceeded to a stipulated trial in Municipal Court and was found guilty of

---

[1] The rule reads, in pertinent part, as follows: "Trial in a municipal court case shall commence no later than 180 days from the date on which the preliminary arraignment is held." Pa. R. Crim. P. 1013(A)(1).

*Retired Senior Judge assigned to the Superior Court.

DUI. On June 17, 2013, Appellant was sentenced to a term of 72 hours to four months of incarceration and a concurrent six month term of probation.

On July 17, 2013, Appellant filed an appeal in the Court of Common Pleas seeking a trial *de novo*. On January 27, 2014, following a waiver trial, Appellant was found guilty of two counts of DUI. On February 3, 2014, Appellant filed a motion for extraordinary relief with the Court of Common Pleas again seeking appellate review of the Municipal Court's denial of his Rule 1013 motion to dismiss. On February 21, 2014, the court denied Appellant's motion and sentenced him to 60 days to six months of incarceration and a concurrent term of six months' probation. Appellant filed a motion for reconsideration which was denied following a hearing on March 6, 2014. This timely appeal followed. Appellant complied with the trial court's request to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises a single issue for our review: whether the Municipal Court erred in denying his request for dismissal under Rule 1013. Appellant's Brief at 2. This claim is moot.

An appellant convicted in Philadelphia's Municipal Court has two appellate options.

> Pennsylvania Rule of Criminal Procedure 1006(1)(a) provides that a defendant convicted in Philadelphia Municipal Court has the right to request either a trial *de novo* or file a petition for a writ of *certiorari* with the Philadelphia Court of Common Pleas. This Court has held that when a defendant files a petition for a

writ of certiorari, the Philadelphia Court of Common Pleas sits as an appellate court.

***Commonwealth v. Coleman***, 19 A.3d 1111, 1118-19 (Pa. Super. 2011) (citations omitted). "A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court." ***Commonwealth v. Menezes***, 871 A.2d 204, 207 n.2 (Pa. Super. 2005). These options are mutually exclusive. Pa.R.Crim.P. 1008(A) ("The notice [of appeal from a Municipal Court ruling] shall state which method of review is being sought in the court of common pleas by indicating whether it is a notice of appeal or notice of a petition for a writ of *certiorari*.").

Appellant's claim that the Municipal Court erred in denying his Rule 1013 motion was reviewable by writ of *certiorari*. ***See Commonwealth v. Preston***, 904 A.2d 1 (Pa. Super. 2006); ***Commonwealth v. Staten***, 950 A.2d 1006 (Pa. Super. 2008). However, because he forewent that option in favor of proceeding to a trial *de novo*, the issue of whether he was timely tried in the Municipal Court became moot. ***Commonwealth v. Appel***, 218, 652 A.2d 341, 343 (Pa. Super. 1994) ("Appellant was afforded a trial *de novo* and, therefore, matters pertaining to the proceedings before the district magistrate are irrelevant." ). Thus, the Court of Common Pleas did not err in declining to address Appellant's issue.

Judgment of sentence affirmed.

J-S77031-14

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/24/2015

- 4 -