J-S28039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL JOHNSON | |
| Appellant | No. 2001 EDA 2015 |

Appeal from the Judgment of Sentence November 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009452-2011

BEFORE:  BOWES, LAZARUS, AND PLATT,* JJ.

CONCURRING MEMORANDUM BY BOWES, J.:          **FILED MAY 24, 2016**

I agree with my esteemed colleagues in concluding that Appellant's suppression claim is waived because he failed to successfully navigate the procedures outlined in Pa.R.Crim.P. 1006 and Philadelphia Court Criminal Division Rule 630(F), (G), and (H) in order to challenge the Philadelphia Municipal Court's denial of his motion to suppress evidence.   I write separately to address Appellant's citation to Pa.R.Crim.P. 720(B) as a basis to avoid waiver.

As the trial court summarized the facts and procedural history of this case, outlined our standard of review, and cogently explained the relevant analysis, I do not revisit those matters in-depth.   Suffice to say, under Pa.R.Crim.P. 1006 and Philadelphia Rule 630(F), (G), and (H), Appellant had

---

*  Retired Senior Judge assigned to the Superior Court.

two ways to challenge the municipal court's suppressions decision: (1) file a writ of *certiorari* and have the Court of Common Pleas review the municipal court ruling sitting as an appellate court; or (2) request a *de novo* trial in the Court of Common Pleas and, if convicted, challenge the municipal court's suppression decision in a motion for a new trial. **See Commonwealth v. Beaufort**, 112 A.3d 1267, 1269 (Pa.Super. 2015); **Commonwealth v. Dobson**, 405 A.2d 910 (Pa. 1979); Phila.R.Crim.P. 630(H) ("In the event a defendant is convicted after appeal and trial *de novo* in the Common Pleas Court, a defendant may raise in an application for Motion for a New Trial the admissibility of the evidence introduced at trial.").

As referenced, *supra*, Appellant arguably invoked Pa.R.C.P. 720(B)(c) as a basis to avoid waiver, albeit in a two-sentence footnote. Pursuant to Rule 720(c), "Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues." While not specifically argued, the implication of Appellant's reference to Rule 720 is that, having filed a motion to suppress at the outset of the municipal court proceeding, he "raised" the issue prior to the *de novo* bench trial in the court of Common Pleas, and therefore the issue is preserved. Appellant's perspective is flawed.

Generally, the purpose of a local rule is to supplement the statewide rules rather than supplant them. To the degree that application of a local rule contradicts the explicit function of a statewide rule, the local rule must

be subservient. ***See*** Pa.R.Crim.P. 105(B) ("Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly"). In ***Commonwealth v. Williams***, 125 A.3d 425 (Pa.Super. 2015), this Court held that Philadelphia Rule 630(J), which allowed the Commonwealth only fifteen days to appeal from the Philadelphia Municipal Court's suppression order, was void because it conflicted with the thirty-day appeal period outlined in Pa.R.Crim.P. 1005(c), a statewide rule that is specific to appeals from the Philadelphia Municipal Courts. Unlike the rules at issue in ***Williams***, however, the local and statewide rules applicable to the preservation of a suppression issue in the case at bar operate in unison and, more importantly, do not implicate Rule 720(B)(c).

First, I highlight that Rule 720(B)(c) does not govern the instant situation. Pursuant to Pa.R.Crim.P. Rule 1000(B), which outlines the scope of the chapter governing the Philadelphia Municipal Court, "Any procedure that is governed by a statewide Rule of Criminal Procedure that is not specifically covered in Chapter 10 or by a Philadelphia local rule authorized by these rules and adopted pursuant to Rule 105 shall be governed by the relevant statewide rule." Instantly, the relevant procedures are specifically covered by Pa.R.Crim.P. 1006(a), which governs appeals from the Philadelphia Municipal Court and Philadelphia Rule 630(G) and (H), regarding the trial court's review of the Municipal Court's suppression ruling. Hence, consistent with Rule 1000(B), the procedures for challenging the Municipal

Court's denial of Appellant's motion to suppress in the case at bar are governed by Pa.R.Crim.P. 1006(a) and the authorized local rules but not any other statewide rule, including Rule 720(B)(c).

The inapplicability of Rule 720(B)(c) is unmistakable in light of the fact that the rule is intended to avoid **resubmitting** an issue for the trial court's consideration. *See* Comment to Rule 720 *Optional Post-Sentence Motion*. The present case is not a typical situation that involves a litigant's decision whether to revisit an issue in a post-sentence motion that was previously asserted before the trial court. In contrast to that procedural scenario, wherein the trial court had the opportunity to rule on the issue in the first instance, Appellant's failure to comply with the applicable statutory framework precluded the trial court from confronting the municipal court's suppression determination at all.[1] Stated plainly, without compliance with

---

[1] While Rule 630(D) states that the Municipal Court "[j]udge hearing the application to suppress will hear the same as a Common Pleas Court Judge," I interpret that statement as simply reaffirming the precedential value of the municipal court judge's decision as binding on the Common Pleas Court for purposes of the *de novo* hearing. This view is consistent with both the tenor of Rule 630 and its explicit deferral of challenges to the suppression ruling until after the *de novo* trial.

In its entirety, Rule 630 (Application to Suppress Evidence in Municipal Court Cases) provides as follows:

> (A) The defendant or his attorney may make application to the Municipal Court to suppress any evidence alleged to have been obtained in violation of the defendant's constitutional rights.

*(Footnote Continued Next Page)*

*(Footnote Continued)* —————————————————

(B)  All pretrial applications to suppress may be submitted in writing prior to trial to the Attorney for the Commonwealth, or may be made orally at the time of trial.

(C)  Unless the interests of justice otherwise require, failure to make a timely application prior to or at Municipal Court trial shall be deemed to be a waiver of the issue of the admissibility of such evidence at any subsequent trial.

(D)  Pre-Trial Applications to Suppress shall be heard on the same day set for trial and immediately prior to trial. The Judge hearing the application to suppress will hear the same as a Common Pleas Court Judge.

(E)  If the Application to Suppress is heard pretrial in the Municipal Court or is deemed to be waived under subsection (c), and the defendant is subsequently convicted, the application may not be reinstated as part of the appeal to the Common Pleas Court, unless the trial Judge determines that new or added trial evidence, not available at the hearing prior to Municipal Court trial requires that the pretrial motion be heard again.

(F)  Upon conviction and sentence in the Municipal Court trial, a defendant shall have the right to take an appeal to and secure a trial de novo in Common Pleas Court or file a Writ of Certiorari from the Court of Common Pleas to the Municipal Court for review of the record of his conviction. In no event, may a defendant take an appeal for a trial de novo and a Writ of Certiorari.

(G)  Unless specially allowed in accordance with subsection (d) of this Rule, the trial de novo shall not include relitigation of the application to suppress. A defendant may seek a review of the record of the suppression hearing heard on the day set for Municipal Court trial as part of a Writ of Certiorari.

(H)  In the event a defendant is convicted after appeal and trial de novo in the Common Pleas Court, a defendant may raise in an application for a Motion for a New Trial the admissibility of the

*(Footnote Continued Next Page)*

- 5 -

Rule 630(H), the trial court will never address the suppression issue following trial *de novo*.

Furthermore, unlike the rules at issue in **Williams**, the local and statewide rules applicable to the preservation and review of the suppression issue are not in conflict. Philadelphia Rule 630(F), (G) and (H) supplement Pa.R.Crim.P. 1006(1)(a). Recall that the municipal court denied Appellant's suppression motion, convicted him of possession of a small amount of marijuana, and imposed thirty days probation. Faced with choosing an appellate course under Rule 1006(1)(a), Appellant elected to request a *de novo* trial in the Court of Common Pleas rather than petition for a writ of *certiorari* for the Court of Common Pleas to address the municipal court's suppression ruling. Thus, consistent with Philadelphia Rule 630(H), following

_(Footnote Continued)_ ─────────────

evidence introduced at trial. If the evidence so challenged was the subject of an application to suppress heard prior to Municipal Court trial, the Court shall review the transcript and decision of the suppression hearing as part of the Common Pleas Court record.

(I) If the application to suppress heard pretrial in the Municipal Court is granted, the Court shall grant the Commonwealth a continuance upon motion of the Attorney for the Commonwealth to give the Attorney for the Commonwealth the opportunity to take an appeal.

(J) The Commonwealth's appeal shall be taken not later than 15 days from the date of the decision of the Application to Suppress to the Common Pleas Court. Such appeal shall be limited to a review of the record of the hearing heard on the day set for Municipal Court trial.

his conviction at the *de novo* bench trial, in order for Appellant to challenge the municipal court's suppression ruling, he was **required** to assert that issue in a motion for a new trial. Thus, as the majority soundly explains, Appellant's failure to follow the established procedure to attack the Municipal Court's suppression determination is fatal to the instant appeal regardless of Rule 720(c).

Moreover, even if we were to overlook Appellant's procedural misstep in failing to challenge the suppression ruling, according to the proper statutory framework, Appellant's argument is waived because he neglected to request the pertinent notes of testimony from the July 2011 suppression hearing. This omission impedes our review of the precise issue that he asserts in this appeal. In **Commonwealth v. Preston**, 904 A.2d 1, 6–7 (Pa.Super. 2006) (*en banc*), this Court discussed the significance of the certified record when addressing the merits of an appellate argument. We explained,

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae*[2] in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

---

[2] Merriam-Webster.com defines lacuna as "a blank space or a missing part." **See** http://www.merriam-webster.com/dictionary/lacuna

*Id.* at 6–7 (internal citations omitted).

It was Appellant's fundamental responsibility to ensure that the certified record contained all of the materials necessary for appellate review. Pennsylvania Rule of Appellate Procedure 1911 outlines the requirement to obtain transcripts for appellate review as follows:

> **(a) General rule.** The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 5000.1 et seq. of the Pennsylvania Rules of Judicial Administration (court reporters).
>
> ....
>
> **(d) Effect of failure to comply.** If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P.1911(a) and(d). Appellant neglected this obligation.

Appellant ordered the notes of testimony from the *de novo* bench trial but he failed to request the notes of testimony from the July 28, 2011 suppression hearing before the municipal court. As our review of the suppression issue is confined to the suppression court record, we cannot address Appellant's argument without it. ***In re L.J.***, 79 A.3d 1073, 1080 (Pa. 2013) (record of suppression hearing is intended to be the complete record for purpose of reviewing suppression issues). Thus, for this additional reason, the claim is waived.

Judge Lazarus joins this Concurring Memorandum.