J-S64043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMONT BOLDEN | |
| Appellant | No. 157 EDA 2011 |

Appeal from the Judgment of Sentence December 20, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012129-2010

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 09, 2016**

Appellant Lamont Bolden appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after the trial court convicted Appellant of possession of a small amount of marijuana.[1] For the following reasons, we affirm.

On March 6, 2009, Appellant was arrested and charged with possession of a controlled substance[2] and possession of a small amount of marijuana.  His case was listed for trial in Philadelphia's Municipal Court. Appellant filed a suppression motion in the Municipal Court on September 27, 2010.  After a hearing, the Honorable Joseph O'Neill of the Municipal

_____

[1] 35 P.S. § 780-113(a)(31).
[2] 35 P.S. § 780-113(a)(16).

*Former Justice specially assigned to the Superior Court.

Court denied the motion to suppress. The same day, Judge O'Neill held a stipulated bench trial, convicted Appellant of both charges, and imposed an aggregate sentence of sixty days incarceration.

Appellant appealed and chose to request a trial *de novo* in the Court of Common Pleas. The Commonwealth withdrew the charge of possessing a controlled substance. On December 20, 2010, Judge Robert P. Coleman held a bench trial at which Appellant again stipulated to the record made at the Municipal Court suppression hearing. Judge Coleman convicted Appellant of possession of a small amount of marijuana and sentenced Appellant to thirty days probation and fifty hours of community service. This timely appeal followed.

The sole issue Appellant raises on appeal is whether the lower court erred in denying his suppression motion. The Commonwealth argues that Appellant waived this claim on appeal as he failed to raise it before the Court of Common Pleas after his trial *de novo*.

Upon a conviction in the Philadelphia Municipal Court, an appellant has two options to proceed on appeal: a defendant may 1) request a trial *de novo* or 2) file a petition for a writ of *certiorari* with the Court of Common Pleas. ***Commonwealth v. Coleman***, 19 A.3d 1111, 1118–19 (Pa.Super. 2011) (citing Pa.R.Crim.P. 1006) (some citations omitted). "A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court." ***Commonwealth v.***

- 2 -

***Beaufort***, 112 A.3d 1267, 1269 (Pa.Super. 2015) (quoting ***Commonwealth v. Menezes***, 871 A.2d 204, 207 n. 2 (Pa.Super. 2005)). In ***Beaufort***, this Court found that the defendant waived his desired claim for purposes of appellate review as he first raised the issue in a pre-trial motion in the Municipal Court but failed to raise it again before the Court of Common Pleas in his trial *de novo*. We held that when a defendant is afforded a trial *de novo*, any matter pertaining to the proceedings before the magistrate are rendered irrelevant. ***Beaufort***, 112 A.3d at 1269 (citing ***Commonwealth v. Appel***, 652 A.2d 341, 343 (Pa.Super. 1994)).

In the same manner, Appellant filed a suppression motion before the Municipal Court, which was denied. After electing to proceed to a trial *de novo* in the Court of Common Pleas, Appellant failed to raise his suppression challenge before the trial court. Appellant's failure to preserve the issue below results in waiver of the claim. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

For the foregoing reason, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2016