J. S02005/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DONALD W. BROWN, JR., | : | No. 3378 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 19, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007157-2015

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MOULTON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 22, 2017**

Donald W. Brown, Jr., appeals from the October 19, 2015 judgment of sentence of nine months' probation imposed after the Philadelphia Municipal Court found him guilty of resisting arrest and disorderly conduct.[1]  The Philadelphia Court of Common Pleas dismissed appellant's subsequent appeal from the municipal court after he failed to appear for his trial **de novo**.  After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history, as gleaned from the certified record, are as follows.  On July 25, 2014, appellant repeatedly yelled obscenities at a cashier and SEPTA Police Officer Joshua Mann after they informed him that his sister was too old to ride the elevated rail line without

---

[1] 18 Pa.C.S.A. §§ 5104 and 5503(a)(3), respectively.

paying a fare. (Notes of testimony, 7/16/15 at 7-12.) Officer Mann attempted to issue appellant a citation, at which point appellant fled and had to be apprehended. (*Id.* at 12-16.) In the ensuing scuffle, Officer Mann suffered a broken bone in one of his hands. (*Id.*) Appellant was arrested in connection with this incident and charged with resisting arrest and disorderly conduct. On July 16, 2015, appellant proceeded to a bench trial in the Philadelphia Municipal Court before the Honorable Wendy L. Pew. As noted, appellant was found guilty of the aforementioned offenses and sentenced to nine months' probation. Appellant filed a timely notice of appeal and a trial *de novo* was scheduled before the Honorable Abbe F. Fletman of the Philadelphia Court of Common Pleas for October 19, 2015.

> When his case was called to determine its status, [appellant] was not present. [Appellant's] counsel admitted that she had had no contact with her client in quite some time. Court records showed that on August 3, 2015, [appellant] signed service of a subpoena, notifying him of his court date, its location, and that he was required to be present by 9:00[a.m.] The case was put on hold to allow [appellant's] counsel to locate [appellant] while the Court addressed other matters. At approximately 11:45[a.m.] that day it came time for the Court to revisit [appellant's] case. He was still absent and his counsel had been unable to contact him.

Trial court opinion, 3/10/16 at 1-2.

Following appellant's failure to appear, Judge Fletman dismissed the trial *de novo*, issued a bench warrant for appellant, and reinstated the sentence originally imposed by Judge Pew. (Notes of testimony, 10/19/15

at 3-6.) On November 2, 2015, appellant appeared at a hearing before the Honorable Karen Yvette Simmons of the Philadelphia Municipal Court. At said hearing, Judge Simmons informed appellant that his appeal had been dismissed due to his failure to appear for trial and reinstated the sentence originally imposed by Judge Pew. (Notes of testimony, 11/2/15 at 4.) Appellant addressed the court, but did not offer an excuse for his absence at the trial *de novo* and made no claim that his appeal had been improperly dismissed. (*Id.* at 5-6.) Appellant did not file a motion for reconsideration. This timely appeal followed.[2]

On appeal, appellant raises the following issues for our review:

> A. Did not the Philadelphia Court of Common Pleas violate [appellant's] constitutional right to a jury trial in dismissing his trial *de novo* and reinstating his Philadelphia Municipal Court conviction and judgment of sentence in that [appellant] never waived his right to a jury trial for the offenses of which he was charged?
>
> B. Did not the Philadelphia Court of Common Pleas err in dismissing [appellant's] trial *de novo* and reinstating his Philadelphia Municipal Court conviction and judgment of sentence in that the evidence was insufficient to prove that [appellant's] failure to appear at his trial *de novo* was willful and voluntary?

Appellant's brief at 3.

Preliminarily, we note that following a conviction in Philadelphia Municipal Court, an appellant has two options on appeal: he may "request

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

either a trial **de novo** or file a petition for a writ of **certiorari** with the Philadelphia Court of Common Pleas." **Commonwealth v. Coleman**, 19 A.3d 1111, 1118-1119 (Pa.Super. 2011), citing Pa.R.Crim.P 1006(1)(a). "A trial **de novo** gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of **certiorari** asks the Common Pleas Court to review the record made in the Municipal Court." **Commonwealth v. Beaufort**, 112 A.3d 1267, 1269 (Pa.Super. 2015) (citation omitted). "[W]hen a defendant files a petition for a writ of **certiorari**, the Philadelphia Court of Common Pleas sits as an appellate court." **Coleman**, 19 A.3d at 1119 (citation omitted). On the contrary, when a defendant is afforded a trial **de novo**, as is the case here, any matters "pertaining to the proceedings before the district magistrate are irrelevant." **Beaufort**, 112 A.3d at 1269 (citation omitted).

> Our standard of review is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

**Commonwealth v. Dixon**, 66 A.3d 794, 796 (Pa.Super. 2013) (citations and internal quotation marks omitted).

Appellant first argues that the trial court's dismissal of his appeal for a trial *de novo* was improper because it violated his constitutional right to a jury trial. (Appellant's brief at 11-17.) Appellant maintains that, at the very least, the trial court should have conducted a trial *in absentia*. (*Id.* at 18-19.)

Upon review, we conclude that appellant has waived these claims. The record reveals that appellant's counsel failed to raise either of these issues during the October 19, 2015 proceeding, and appellant did not file a motion for reconsideration. Rather, appellant raised these arguments for the first time in his Rule 1925(b) statement. It is well established that issues not raised below, even those of a constitutional nature, are waived. *See Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa.Super. 2013) (holding that, "[a]ppellant's failure to raise his constitutional claims before the trial court impedes appellate review, and his failure to develop the record before the trial court interferes with our ability to conduct a meaningful evaluation of the issues raised[.]"); *see also* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"). Moreover, we note that appellant is not entitled to a jury trial on a summary offense. *See Commonwealth v. Smith*, 868 A.2d 1253, 1257 (Pa.Super. 2005), *appeal denied*, 877 A.2d 462 (Pa. 2005) (finding that there is no right to a jury trial when a sentence of six months or less is

imposed.)  Accordingly, we decline to address appellant's first claims on the basis of waiver.

Appellant next argues that the trial court abused its discretion in dismissing his appeal for failure to appear for his trial ***de novo*** because there was insufficient evidence to prove that his absence "was willful and voluntary."  (Appellant's brief at 19-22.)  We disagree.

Pennsylvania Rule of Criminal Procedure 1010 governs the procedures to be followed in situations where a defendant is convicted in Philadelphia Municipal Court and seeks a trial ***de novo*** in the Court of Common Pleas. Pa.R.Crim.P. 1010(A)(2).[3]  Read in relevant part, Rule 1010 provides that, "[i]f the defendant fails to appear for the trial ***de novo***, the Common Pleas Court judge may dismiss the appeal and thereafter shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court judge." Pa.R.Crim.P. 1010(B).  The comment to Rule 1010 explains that:

> Paragraph (B) makes it clear that the Common Pleas Court judge may dismiss an appeal **when the judge determines that the defendant is absent without cause** from the trial ***de novo***.  If the appeal is dismissed, the Common Pleas Court judge must enter judgment and order execution of any sentence imposed by the Municipal Court judge.

---

[3] Pennsylvania Rule of Criminal Procedure 462 is the statewide (in all counties outside of Philadelphia) equivalent of Rule 1010(B) and provides, in pertinent part, as follows:  "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority."  Pa.R.Crim.P. 462(D).

***Id.*** *Comment* (emphasis added). Therefore, before an appeal for a trial ***de novo*** may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had good cause for his absence. ***See Commonwealth v. Akinsanmi***, 55 A.3d 539, 540 (Pa.Super. 2012) (noting, "[w]hen a defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper. Conversely, when good cause for the absence is shown, a new trial should be granted." (citations omitted)).

Upon review, we conclude that the trial court properly dismissed appellant's appeal after he failed to appear for his trial ***de novo***. It is undisputed that appellant failed to appear for his October 19, 2015 ***de novo*** trial under the plain meaning of Rule 1010(B). Accordingly, we must resolve only the question of whether appellant demonstrated "good cause" for his absence. The record reveals that counsel offered no explanation for appellant's absence during the October 19, 2015 ***de novo*** trial. (***See*** notes of testimony, 10/19/15 at 4-5.) On the contrary, appellant's counsel acknowledged that dismissal of the appeal was appropriate. (***Id.*** at 5.) At the November 2, 2015 hearing, appellant again failed to offer any explanation as to why he failed to appear at his ***de novo*** trial or seek a continuance. (***See*** notes of testimony, 11/2/15 at 3-6.)

The trial court, in turn, noted that it was "entirely reasonable" for it to conclude that appellant's absence was willful and voluntary:

> [Appellant] had notice of his court date on August 3, 2015, giving him two and a half months to inform his counsel of any scheduling issues. The Court attempted to accommodate [appellant] and his counsel by giving him almost three hours to either come to court or inform the Court of the circumstances that led to his absence. . . . No reason for [appellant's] absence was offered.

Trial court opinion, 3/10/16 at 2-3.

Given the record before us, we find that appellant has failed to satisfy his burden to show good cause for his absence from the *de novo* trial. Appellant has also failed to demonstrate an involuntary absence or an unforeseen circumstance. It is well settled that, as a reviewing court, we are bound by the trial court's weight of the evidence and credibility determinations. ***See Commonwealth v. Sanchez***, 907 A.2d 477, 491 (Pa. 2006), ***cert. denied***, 551 U.S. 1106 (2007) (noting where the trial court functions as fact-finder, "appellate courts generally do not substitute their judgments for those of a fact-finder in matters of credibility"). Accordingly, we find that the trial court's dismissal of the *de novo* appeal was entirely proper under Rule 1010, and appellant's claim of trial court error must fail.

For all the foregoing reasons, we affirm the October 19, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/22/2017</u>