J-A14007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JHALIL ALLEN, | : | |
| | : | |
| Appellant | : | No. 1760 EDA 2022 |

Appeal from the Order Entered June 22, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0022865-2020

BEFORE: PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 23, 2023**

Jhalil Allen appeals from the order denying his petition for writ of certiorari filed with the Philadelphia Court of Common Pleas after he was convicted of terroristic threats[1] in the Philadelphia Municipal Court.[2] We affirm.

---

[1] 18 Pa.C.S.A. § 2706.

[2] A defendant convicted in Philadelphia's Municipal Court has two appellate options for relief. The defendant has the right to request either a trial *de novo* or to file a petition for a writ of certiorari with the Philadelphia Court of Common Pleas. *See Commonwealth v. Beaufort*, 112 A.3d 1267, 1269 (Pa. Super. 2015). "A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of certiorari asks the Common Pleas Court to review the record made in the Municipal Court. *See id*. Essentially, this Court has held that when a defendant files a petition for a writ of certiorari, the Philadelphia Court of Common Pleas sits as an appellate court. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1119 (Pa. Super. 2011) (citations omitted).

For purposes of this appeal, the following factual and procedural summary is not in dispute. On September 18, 2020, while Allen was incarcerated at the Philadelphia Industrial Corrections Center, Corrections Officer Chryle Hill noticed that Allen was in possession of clothing considered to be contraband. The officer asked Allen multiple times to turn over the item, and Allen refused. Allen told the officer multiple times that she would need a team to get him out of his cell. The officer then summoned additional corrections officers, and Allen continued to be noncompliant. His behavior led a corrections officer to deploy pepper spray to gain Allen's compliance.

Subsequently, officers escorted Allen to the medical area for treatment, and Officer Hill supervised the transfer. During the transfer process, Allen said to Hill that she "was wrong for that and that he remembers faces and he wouldn't be in jail forever and [she] was dead." N.T., 11/9/21, at 14. Allen repeated the statement multiple times.

Allen was arrested and charged with terroristic threats. On November 9, 2021, the Honorable Henry Lewandowski III of the Philadelphia Municipal Court conducted a nonjury trial, after which he found Allen guilty and sentenced him to serve a term of probation of two years. Allen filed a petition for writ of certiorari challenging the sufficiency of the evidence to support his

conviction in the Philadelphia County Court of Common Pleas.[3] The Honorable Carmella Jacquinto denied the petition on June 22, 2022, thereby affirming the Municipal Court's judgment of sentence. This timely appeal followed.

Allen's single issue on appeal challenges the sufficiency of the evidence to support his conviction of terroristic threats. **See** Appellant's Brief at 8-16. He contends that his statements to Hill, when taken into context, were spur-of-the-moment threats that were the product of transitory anger. **See id**. at 14. Allen further alleges there is nothing in the record to support the conclusion that he held a settled intent to terrorize. **See id**. at 13. He concludes that the Commonwealth failed to prove the necessary *mens rea* beyond a reasonable doubt. **See id**. at 16.

> A lower court's decision on the issuance of a writ of certiorari will not be disturbed absent an abuse of discretion. Certiorari provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law. Questions of fact, admissibility, sufficiency or relevancy of evidence questions may not be entertained by the reviewing court on certiorari. A petition for a writ of certiorari provides an aggrieved party an alternative to a trial de novo in the Court of Common Pleas.

**Commonwealth v. Elisco**, 666 A.2d 739, 740-41 (Pa. Super. 1995) (citations omitted). When a writ of certiorari is denied, a defendant may then raise evidentiary and sufficiency issues on appeal. **See Coleman**, 13 A.3d at 1119.

---

[3] Allen's petition for writ of certiorari requested that the Philadelphia Court of Common Pleas review the record of the Municipal Court. **See, e.g., Commonwealth v. Menezes**, 871 A.2d 204, 206 n.2 (Pa. Super. 2005).

We review challenges to the sufficiency of the evidence with great deference to the credibility determinations of the fact finder:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

"A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to … commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S.A. § 2706(a)(1). As this Court has stated, for a defendant to be convicted of terroristic threats "the Commonwealth must prove that 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror."

- 4 -

*Commonwealth v. Beasley*, 138 A.3d 39, 46 (Pa. Super. 2016) (citation omitted).

Section 2706 is not meant to encompass "mere spur-of-the-moment threats which result from anger." 18 Pa.C.S.A. § 2706, Comment. However, anger "does not render a person incapable of forming the intent to terrorize." *Commonwealth v. Walker*, 836 A.2d 999, 1001 (Pa. Super. 2003) (citation omitted). In determining whether a threat was a spur-of-the-moment statement made during a heated verbal exchange, we consider the totality of the circumstances. *See Commonwealth v. Sexton*, 222 A.3d 405, 418 (Pa. Super. 2019). Further, in *Commonwealth v. Tizer*, 684 A.2d 597, 601 (Pa. Super. 1996), this Court concluded that a lack of evidence that the victim was acting violently was sufficient to negate the defendant's claim that his threats were caused by heated argument.

We have long held that a defendant's intent to terrorize can be inferred from his actions and from the message he communicated. *See Commonwealth v. Kelley*, 664 A.2d 123, 128 (Pa. Super. 1995). Moreover, as our Court has explained,

> [n]either the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense. Rather, the harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security.

*Beasley*, 138 A.3d at 46 (citations and internal quotation marks omitted). Also, the Commonwealth is not required to produce evidence that the person

to whom the defendant communicated the threat was actually frightened. ***See***

***id***.

> Here, the certiorari court summarized its sufficiency analysis as follows:
>
> [T]he evidence presented by the Commonwealth established beyond a reasonable doubt that [Allen] committed the crime of Terroristic Threats. The evidence the Commonwealth presented established that [Allen] directed a threat to commit a crime of violence against Lieutenant Hill with the intent to terrorize her when he stated multiple times that he remembers faces and he would not be in jail forever and she was dead. (Municipal Court N.T. 11/09/21, 14). Lieutenant Hill stated that she took the threat very seriously due to the nature of her job as a supervising correction officer in the prison.

Trial Court Opinion, 11/2/22, at 5. We agree.

Our review of the record reflects the trial judge had sufficient evidence to conclude that Allen possessed the necessary intent to commit the crime. Officer Hill testified that during her course of employment at the Philadelphia Department of Prison on September 18, 2020, she encountered Allen, who was in possession of clothing considered to be contraband. ***See*** N.T., 11/9/21, at 11-13. Allen refused Officer Hill's multiple requests for the item to be turned over to her. ***See id***. at 12-13. In addition, Allen told Officer Hill that she "needed a team to get him out of his cell." ***Id***. at 12.

At this point, Officer Hill called for assistance, and Allen continued to refuse the directives from the other officers. ***See id***. at 13. One of the other officers used pepper spray on Allen, which required that he be taken to the medical unit. ***See id***.

Officer Hill served as the supervising escort while Allen was being transferred to the medical area by the other officer. *See id*. at 13-14. During the transfer, Allen repeatedly stated that Officer Hill "was wrong for that and that he remembers faces and he wouldn't be in jail forever and [Officer Hill] was dead." *Id*. at 14. Further, Officer Hill indicated that, because of her work she "take[s] threats very seriously." *Id*.

Viewing the totality of this evidence, in the light most favorable to the Commonwealth, we are satisfied that the Court of Common Pleas was justified in determining that the Commonwealth presented sufficient evidence to establish all the elements of the crime of terroristic threats beyond a reasonable doubt.

Specifically, Allen made a threat to commit a crime of violence, and the threat was communicated with the intent to terrorize Officer Hill. Further, there was no evidence that Allen was reacting to any violent action taken directly by Officer Hill. Rather, the facts cited above reveal that Allen's interaction with Officer Hill changed when other officers arrived, and Allen continued to refuse their directives. This behavior led an officer, other than Hill, to deploy the pepper spray that caused Allen's physical condition and attendant anger. Therefore, any "spur-of-the-moment" threats and transitory anger were misdirected at Officer Hill, as there is a lack of evidence that Hill was acting violently toward Allen. Consequently, the evidence as presented to the trial court was sufficient to sustain Allen's conviction of terroristic threats,

and his contrary claim lacks merit. Accordingly, we discern no error or abuse of discretion and affirm the June 22, 2022, denial of Allen's petition for writ of certiorari.

Order affirmed.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date: 8/23/2023*