J-S15040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY PRICE | : | |
| | : | |
| Appellant | : | No. 516 EDA 2023 |

Appeal from the Order Entered January 25, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0001586-2021

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 8, 2024**

Appellant, Anthony Price, appeals from the order denying his petition for writ of certiorari filed with the Philadelphia Court of Common Pleas after the Philadelphia Municipal Court convicted him of two drug crimes.[1] We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A defendant convicted in Philadelphia's Municipal Court has two appellate options for relief. The defendant has the right to request either a trial *de novo* or to file a petition for a writ of certiorari with the Philadelphia Court of Common Pleas. *See Commonwealth v. Beaufort*, 112 A.3d 1267, 1269 (Pa. Super. 2015). "A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of certiorari asks the Common Pleas Court to review the record made in the Municipal Court." *See id*. Essentially, this Court has held that when a defendant files a petition for a writ of certiorari, the Philadelphia Court of Common Pleas sits as an appellate court. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1119 (Pa. Super. 2011) (citations omitted).

The certiorari court offered the following recitation of the factual and procedural history of this case:

On January 22, 2021, at approximately 8:30 p.m., [Appellant] was driving in West Philadelphia and was stopped by members of the Philadelphia Police. Officer Lowell Pindle ("Pindle") testified that he and other officers observed a vehicle with heavily tinted windows traveling at a high rate of speed and fail[ing] to signal before changing lanes. Pindle stopped the vehicle and upon approach, he observed the driver, later identified as [Appellant], and passengers actively moving inside, causing it to visibly shake. Pindle observed the driver hand an item to the passenger seated in the back seat. Pindle approached the driver's side and encountered [Appellant] in the driver's seat. Two passengers were also in the car, one in the front and one in the rear behind [Appellant].

Pindle requested [Appellant's] license and vehicle registration which he produced. During the exchange and review of this information, Pindle placed [Appellant's] keys on the hood of the car. While reviewing the information, Pindle asked [Appellant] whether there were any narcotics or weapons in the vehicle. [Appellant] responded that there was marijuana and retrieved a bookbag from the rear seat area. [Appellant] removed the contents of the bag which held 92 containers with a green, leafy substance inside, $206 in cash and a digital scale. Based on his training and experience, Pindle concluded that these items were illegal narcotics and placed [Appellant] under arrest. [Appellant] was searched and 20 Suboxone pills were recovered from his person. [Appellant] was charged with [possession of a controlled substance with intent to deliver, 35 Pa.C.S. § 780-113(a)(30), and possession of a controlled substance, 35 Pa.C.S. § 780-113(a)(16).]

Prior to trial on March 29, 2022, [Appellant] sought suppression of the evidence obtained when he was arrested. The Municipal Court denied the motion to suppress, found [Appellant] guilty of both offenses and sentenced him to 6 months [of] reporting probation. On April 4, 2022, [Appellant] filed a motion for reconsideration which the Municipal Court heard and denied on August 9, 2022. On August 31, 2022, [Appellant] filed a Petition For Writ of Certiorari. At a hearing on January 25, 2023, this court reviewed the ruling by the Municipal Court and denied certiorari.

Trial Court Opinion, 6/2/23, at 1-3.

In denying Appellant's petition, the Honorable John R. Padova, Jr. thereby affirmed the Municipal Court's judgment of sentence. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's single issue on appeal as presented in his Pa.R.A.P. 1925(b) statement is as follows:

> The Common Pleas Court erred in upholding the [Municipal] Court's denial of [A]ppellant's Motion to Suppress, where, after stopping [A]ppellant for a traffic violation, the police officer's inquiry into whether there were drugs inside the car impermissibly lengthened the seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution as well as the broader protections of Article I, Section 8 of the Pennsylvania Constitution.

Appellant's Pa.R.A.P. 1925(b) Statement, 3/21/23, at 1-2 (unnumbered). Thus, the sole claim raised by Appellant challenges the propriety of the denial of his motion to suppress.

Appellant argues that the evidence seized during his traffic stop should have been suppressed because it was garnered from an investigation into suspected criminal activity, which was unrelated to the traffic stop. *See* Appellant's Brief at 12-23. Appellant suggests that the police impermissibly prolonged the traffic stop by investigating whether there was contraband in his vehicle, which Appellant claims was in violation of *Rodriguez v. United States*, 575 U.S. 348 (2015). *See* Appellant's Brief at 14-18. He further

asserts that the record does not support a conclusion that the officer's investigation was related to safety concerns. *See id*. at 18-21. In addition, Appellant contends that reasonable suspicion to conduct an investigation was not triggered by his admission that he had "weed" in his vehicle. *See id*. at 21-23.

We begin by observing that

> [a] lower court's decision on the issuance of a writ of certiorari will not be disturbed absent an abuse of discretion. Certiorari provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law. Questions of fact, admissibility, sufficiency or relevancy of evidence questions may not be entertained by the reviewing court on certiorari. A petition for a writ of certiorari provides an aggrieved party an alternative to a trial *de novo* in the Court of Common Pleas.

*Commonwealth v. Elisco*, 666 A.2d 739, 740-41 (Pa. Super. 1995) (citations omitted). When a writ of certiorari is denied, a defendant may then raise evidentiary and sufficiency issues on appeal. *See Coleman*, 13 A.3d at 1119.

We employ the following well-established standard of review for the denial of a motion to suppress:

> [The appellate] standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our

- 4 -

scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

***Commonwealth v. Yandamuri***, 159 A.3d 503, 516 (Pa. 2017) (citations omitted). The suppression court's decision may be affirmed if there is any basis in the record to support it, even if we rely on different grounds to reach the same result. ***See Commonwealth v. Cartagena***, 63 A.3d 294, 301 (Pa. Super. 2013).

The Vehicle Code provides the statutory authorization for a police officer to stop a vehicle "[w]henever a police officer ... has reasonable suspicion that a violation of this title is occurring or has occurred [so that he may] secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S. § 6308(b). Here, Appellant concedes that "Office Pindle initiated a lawful traffic stop." Appellant's Brief at 10.

> During a traffic stop, the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions. If there is a legitimate stop for a traffic violation[,] additional suspicion may arise before the initial stop's purpose has been fulfilled; then, detention may be permissible to investigate the new suspicions.

***Commonwealth v. Harris***, 176 A.3d 1009, 1020 (Pa. Super. 2017) (citations, quotation marks, ellipsis, and brackets omitted).

In ***Rodriguez v. United States***, 575 U.S. 348 (2015), the United States Supreme Court addressed the permissible scope of a police officer's investigation during a traffic stop:

A seizure for a traffic violation justifies a police investigation of that violation.  A relatively brief encounter, a routine traffic stop is more analogous to a so-called **Terry** [**v. Ohio**, 392 U.S. 1 (1968),] stop than to a formal arrest.  Like a **Terry** stop, the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's mission — to address the traffic violation that warranted the stop and attend to related safety concerns.  Because addressing the infraction is the purpose of the stop, it may last no longer than is necessary to effectuate th[at] purpose.  Authority for the seizure thus ends when tasks tied to the traffic infraction are — or reasonably should have been — completed.

**Id**. at 354 (citations, quotation marks, ellipses, and brackets omitted).

The tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's "mission"—to address the traffic violation that warranted the stop, and attend to related safety concerns.  Because addressing the infraction is the purpose of the stop, it may "last no longer than is necessary to effectuate that purpose."  Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed.

A traffic stop "can become unlawful if it is prolonged beyond the time reasonably required to complete the mission" of issuing a warning ticket.  An officer, in other words, may conduct certain unrelated checks during an otherwise lawful traffic stop.  But he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual.

Beyond determining whether to issue a traffic ticket, an officer's mission includes "ordinary inquiries incident to the traffic stop."  Typically, such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance.  These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly.

**Commonwealth v. Malloy**, 257 A.3d 142, 149–50 (Pa. Super. 2021)

(quoting **Rodriguez**, 575 U.S. at 354) (brackets and ellipses omitted).

Accordingly, during a lawful traffic stop, an officer may ask a moderate number of questions to obtain information concerning their suspicions, provided the questions do not prolong the stop. *See Commonwealth v. Spence*, 290 A.3d 301, 304 (Pa. Super. 2023).

The certiorari court offered the following analysis of this issue:

[Appellant] argues that there was an impermissible prolonged delay caused by the police after the traffic violations were investigated and relies on [*Rodriguez*]. [Appellant] argues that under *Rodriguez*, "any prolonging of the stop [beyond the traffic-related purpose] is unconstitutional." In *Rodriguez*, the United States Supreme Court held that once a traffic investigation is concluded, the defendant must be permitted to leave. "Because addressing the infraction is the purpose of the stop, it may 'last no longer than is necessary to effectuate th[at] purpose.'" *Rodriguez*, *supra* at 353. In *Rodriguez*, the officers stopped the defendant for vehicle violations, obtained the driver's information and issued a warning. During the investigation, the officer returned to Rodriguez's vehicle three times. Despite having concluded the traffic investigation, Rodriguez was not permitted to leave until they were able to perform a dog sniff of the car. The dogs detected illegal narcotics and the police searched the vehicle, finding narcotics. The *Rodriguez* Court ruled that the delay beyond what was needed for the traffic stop was unreasonable because the police did not have probable cause to further detain the car after the traffic citations were issued which resulted in an unconstitutional seizure.

*Rodriguez* is distinguishable from the case sub judice because there is nothing in the record to indicate that the traffic stop had been concluded nor was there a delay in effectuating that purpose. In the instant case, the Municipal Court reviewed Pindle's body camera footage and found that during his first approach, Pindle asked [Appellant] whether there were any narcotics or weapons in the vehicle, determining that it was asked approximately eight seconds after he received the paperwork from [Appellant]. The court further determined that Pindle was at the vehicle for 30-45 seconds in total when [Appellant] told Pindle that he had the marijuana, retrieving the book bag from the rear seat producing the marijuana, the currency and digital scale. The

- 7 -

Municipal Court found that Pindle had not yet completed the review of the documents required to complete the investigation for the traffic stop, had not yet issued any citations and that the "*Rodriguez* moment" had not yet occurred. The Municipal Court found that there was probable cause to arrest [Appellant] for the drug offenses.

Moreover, the Municipal Court found and the record reflects that Pindle was permitted to ask questions relevant to the safety of the officers during the stop when it is reasonable that a police officer be concerned with safety. In the instant case, the vehicle had heavily tinted windows, there were passengers in the front and rear seat and there were furtive movements by the occupants with [Appellant] handing items to the passenger in the back seat. Based on these facts and the inherent dangers of highway stops, Pindle was entitled to ask the question whether there were drugs or weapons in the vehicle. *Commonwealth v. Wright*, 2019 PA Super 358, 224 A.3d 1104, 1109 (2019). *See also Commonwealth v. Cartagena*, 2013 PA Super 12, 63 A.3d 294 (2013). The Municipal Court found that the questions Pindle asked, which [Appellant] answered truthfully, were related to the officer's safety and did not prolong the traffic stop. Therefore, this court concluded that the Municipal Court correctly denied [Appellant's] motion to suppress.

Trial Court Opinion, 6/2/23, at 4-6.

Upon review of this record, we agree with the certiorari court's determination that *Rodriguez* is not applicable to the instant case because the question by law enforcement was posed at the inception of the traffic stop. Upon additional review of the body camera footage during the reconsideration hearing, the Municipal Court observed, "So from the time that the officer received the paperwork, it was eight seconds I counted, before he asked about narcotics in the vehicle. And he had not yet completed reviewing the paperwork." N.T., 8/9/22, at 49. The Municipal Court again noted the video showed that "[Officer Pindle] got the registration and insurance. He's looking

at one. Eight seconds from the time that he got it, he asked about narcotics. And he's still looking at it." *Id*. at 50.

We have likewise reviewed the body camera video, and our observation is consonant with the lower court. Within the first minute of the traffic stop, while police officers were still standing at the car collecting identifications of the occupants and pertinent information concerning the vehicle, Officer Pindle posed the question that led to Appellant's admission of his possession of narcotics. *See* Defense Exhibit D-1. Consequently, we decline to conclude that the stop was impermissibly extended to investigate whether Appellant was in possession of drugs as contemplated under *Rodriquez*. Therefore, Appellant's claim on review lacks merit.

Moreover, we conclude that Officer Pindle was presented with circumstances that permitted him to inquire, prior to the completion of his initial investigation, whether there was contraband in the vehicle. *See* N.T., 3/29/22, at 8, 10. The officer explained that after the car was stopped and he was approaching the vehicle on foot, "there was a lot of movement." *Id*. at 8. He indicated that the vehicle was "rocking a little bit." *Id*. In addition, Officer Pindle described the fact that all the windows of the car appeared to be tinted. *See id*. at 8, 10. He also described the peculiar behavior and sudden movements of the rear seat passenger, and the fact that the officers observed Appellant "handing unknown items to the back seat passenger." *Id*. at 8. Also, the officer explained that the person in the front passenger seat

was oddly positioned in a manner that indicated she was sitting on something. *Id*. at 9-11.  Because additional reasonable suspicion arose before the initial stop's purpose has been fulfilled, the minor questioning and subsequent detention was permissible to investigate the officer's new suspicions.[2]  *See Harris*, 176 A.3d at 1020.

Accordingly, we discern no error in the Municipal Court's exercise of discretion in refusing to suppress the evidence.  Therefore, we conclude Appellant has failed to establish that the Court of Common Pleas abused its discretion in denying Appellant's petition for writ of certiorari.  Consequently, we affirm the January 25, 2023, denial of Appellant's petition for writ of certiorari.

Order affirmed.

_____

[2] We note that Appellant included a subpart in his appellate brief raising an "even if" claim, in which Appellant asserts that his acknowledgement that he had "weed" in the vehicle was insufficient to establish reasonable suspicion to conduct a criminal investigation.  *See* Appellant's Brief at 21-23.  However, we observe that such claim is waived for purposes of appeal because Appellant did not include that specific issue in his Pa.R.A.P. 1925(b) statement.  *See Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) (holding that where a trial court directs a defendant to file a concise statement pursuant to Pa.R.A.P. 1925, any issues not raised in that statement shall be waived).  *See also Commonwealth v. Gillen*, 798 A.2d 225, 230 (Pa. Super. 2002) (waiving suppression issue based on alleged *Miranda* violation where the appellant did not raise the specific claim in his Pa.R.A.P. 1925(b) statement).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/8/2024